IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-20148-SHL-tmp |
| | ) | |
| **KATRINA ROBINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO DISMISS COUNTS 25-48 OF THE INDICTMENT
AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Katrina Robinson, by and through her counsel Burch, Porter & Johnson, PLLC , and The Walter Bailey Law Firm, and respectfully moves this Court to dismiss Counts 25-48 in the Indictment.  In the Indictment, the Government fails to identify the specific wire transaction that serves as the basis for each Wire Fraud count.  In addition to failing to identify the specific time and date for each wire, the Government also fails to include the location(s) of the origination and destination of the wires.  By failing to provide the location(s) of the various wires, the Government has not properly pleaded an element of the charge—the alleged wire fraud was transmitted "in interstate or foreign commerce," 18 U.S.C. § 1343—and the Court should, therefore, dismiss the Wire Fraud counts.

Alternatively, the Court should also dismiss many of the Wire Fraud counts because they are duplicitous.  Counts 25-27, 29-32, 34, 38-40, and 45-48 include a range of dates and "payments" for various items.  By using a range of dates in these individual counts and acknowledging that multiple "payments" were made in that time, the Government has created

duplicitous counts and failed to provide proper notice. Without knowing which specific wires are at issue in the date range, Ms. Robinson cannot properly defend against the Wire Fraud counts. As such, the Court should also dismiss Counts 25-27, 29-32, 34, 38-40, and 45-48, as duplicitous.

## BACKGROUND

On July 30, 2020, the Government indicted Katrina Robinson, alleging violations of 18 U.S.C. § 1343 among other charges. (*See generally* Indictment, ECF No. 9.) In Counts 25-48 of the Indictment, the Government contends that Ms. Robinson committed Wire Fraud through various payments to a variety of businesses. (*Id.* at 8-10.) None of the Wire Fraud counts, however, include (1) a wire or some other transaction number, (2) a specific time, or (3) locations for the origination or destination of the wires. (*Id.*) Furthermore, many of the counts cover a range of dates and do not specify which "payments" are the basis for each of the Wire Fraud charges. (*Id.* at Counts 25-27, 29-32, 34, 38-40, and 45-48). By failing to provide this information, the Government has not given Ms. Robinson proper notice of the charges and which wires serve as the basis for the various counts.

## LAW & ARGUMENT

The Indictment for Wire Fraud is defective for two different reasons. First, the Indictment fails to include all the necessary elements of the offense of wire fraud. Second, the Indictment is duplicitous because it includes date ranges and multiple "payments" in many of the Wire Fraud counts. Under Rule 12(b)(3), a party must move to dismiss when the indictment is defective for "failure to state an offense" or for "joining two or more offenses in the same count (duplicity)." Fed. R. Crim. P. 12(b)(3). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend . . . ." *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986) (quoting *Hamling v. United States*, 809 418 U.S. 87, 117 (1974)). Meanwhile, "[a] duplicitous indictment is one that charges separate

offenses in a single count.  The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997) (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).  Duplicity creates a "danger that a conviction will result from a less than unanimous verdict as to each separate offense." *Id.* (quoting same).

*Elements of the Offense*

The Court should dismiss the Wire Fraud counts because the Government has failed to plead all of the necessary elements of the offense.  "To convict a defendant of wire fraud, the government must prove '(1) a scheme or artifice to defraud; (2) use of *interstate* wire communications in furtherance of the scheme; and (3) intent to deprive the victim of money or property.'"  *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003) (quoting *United States v. Prince*, 214 F.3d 740, 747-48 (6th Cir. 2000)) (emphasis added).  "[T]he statute requires that the wire communication cross state lines."  *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988); *see also DeFazio v. Wallis*, 500 F. Supp. 2d 197, 203 (E.D.N.Y. 2007) ("Purely intrastate communications are not sufficient under the statute.").

Here, the Indictment fails to show that the wires at issue were *interstate* wire communications.  While the Indictment includes a "payee" and a "description" of the payments, it does not include locations for where the wire originated or ended.  Without that information, the Government has failed to state a proper Wire Fraud charge because they have not pleaded facts showing that the wire communications crossed state lines.  Because the Indictment in this case does not "contain[] the elements of the [Wire Fraud] offense," *Azad*, 809 F.2d at 295, the Court should dismiss the Wire Fraud counts: Counts 25-48.

*Duplicitous Indictment*

Alternatively, part of the Indictment should also be dismissed because many of the counts are duplicitous. Section 1343 "punishes *each* interstate wire transmission that carries out" a scheme to defraud. *United States v. Williams*, 537 F.3d 1235, 1241 (11th Cir. 2008) (emphasis in original). "Where one scheme or artifice to defraud involves multiple wire transmissions, each wire transmission may form the basis for a separate count." *Id.* Yet, here, Counts 25-27, 29-32, 34, 38-40, and 45-48 include date ranges and multiple payments for the various alleged Wire Fraud counts. For instance, Count 25 includes a date range of June 23, 2015 to January 3, 2017 for "ACH *payments* on personal credit card" to Barclays Bank, PLC. (Indictment, ECF No. 9, at 8 (emphasis added).) Plainly, the Government has included multiple "payments"[1] in this Count, making it duplicitous as it "charges separate [payments] in a single count." *Adesida*, 129 F.3d at 849.

Here, this duplicity prejudices Ms. Robinson because a jury could easily have issues reaching a proper verdict on each Count as currently pleaded. For instance, a jury could find that several "payments" to Barclays Bank during the date range were legitimate and not part of or in furtherance of a scheme to defraud, yet, if the jury found that one such payment was made in furtherance of scheme to defraud, then they could still convict for that entire Count. This puts Ms. Robinson in the difficult position of having to prepare for and defend against every single payment to each of the payees in the various counts.

Additionally, consider the scenario where six jurors find that one payment during the date range was in furtherance of the alleged scheme while the other six jurors find that it was not. If those jurors then flip and the latter six believe that a different payment during that date range was

---

1. Ms. Robinson would prefer to speak in terms of wires, but, unfortunately, the Government has not provided details of specific wires and instead only references "payments."

made in furtherance of the alleged scheme while the former six do not believe it was, the jury could still convict because all twelve agree that one of the payments was made in furtherance of the scheme. Of course, that is the very danger of a duplicitous indictment, and the Court should, therefore, dismiss the Wire Fraud counts that are duplicitous and include multiple payments.

## CONCLUSION

Because the Government failed to plead one of the elements of Wire Fraud—that the wires involved interstate communications—the Court should dismiss Counts 25-48 of the Indictment. Alternatively, the Court should dismiss the various counts that involve date ranges and multiple payments because they are duplicitous and do not provide proper notice of the charges to Ms. Robinson.

Respectfully submitted,

s/ Lawrence J. Laurenzi
Lawrence J. Laurenzi (9529)
Nathan A. Bicks (10903)
Charles Silvestri Higgins (30184)
BURCH, PORTER & JOHNSON PLLC
180 North Court Avenue
Memphis, TN 38103
Tel: (901) 524-5000
Fax: (901) 524-5024
llaurenzi@bpjlaw.com
nbicks@bpjlaw.com
chiggins@bpjlaw.com

s/ Janika N. White
JANIKA N. WHITE (28355)
THE WALTER BAILEY LAW FIRM
22 North Front Street, Suite 1060
Memphis, Tennessee 38103
(901) 575-8702
Fax: (901) 575-8705
jwhite@walterbaileylaw.com

*Attorneys for Katrina Robinson*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

s/ Lawrence J. Laurenzi<br>
Lawrence J. Laurenzi