IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Crim. No. 2:20-cr-20148-SHL |
| KATRINA ROBINSON, | * | |
| Defendant. | * | |
| | * | |

## RESPONSE OF THE UNITED STATES
## TO DEFENDANT'S MOTION TO DIRECT THE DEPT. OF JUSTICE TO RETURN THE HEALTHCARE INSTIUTE LLC'S RECORDS TO THE LOCATION FROM WHERE THEY WERE SEIZED

COMES NOW the United States of America, by and through D. Michael Dunavant, United States Attorney, and Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, and responds as follows to the defendant's Motion to Direct the Department of Justice to Return the Healthcare Institute LLC's Records to the Location from Where They Were Seized:

### STATEMENT OF FACTS

On September 28, 2020, the defendant filed a motion for return of property (RE-29) seeking the return of certain records of her business, The Healthcare Institute (THI), which had been seized by the government during the execution of a search warrant. As stated at the October 2, 2020 report date in this case, the government still has need of the records because of an ongoing criminal investigation of the defendant.

Subsequently, the parties reached an agreement concerning the disposition of the records, which was set forth in the government's response to the motion (RE-34), filed October 9, 2020: the government would image the records at its expense at the FBI's facility in Quantico, Virginia, and then return the originals to the defendant.

On November 13, 2020, the government advised defendant's counsel that the imaging was complete, and the documents were ready for return. Defense counsel was advised that they could arrange with the FBI case agent for a mutually agreeable time to pick up the records at the Memphis FBI office. The defendant arranged for this to take place on November 24, 2020; however, no one came on behalf of the defendant at the appointed time to claim the records.

The instant motion followed on December 3, 2020. On December 7, 2020, the government provided the defendant with electronic copies of all of the seized records that it had imaged. On December 9, 2020, the defendant and her counsel met with FBI agents at the Memphis FBI office and were permitted to examine the originals of the seized records in search of a smaller group of documents for which the defendant claimed that copies would not suffice. Upon locating those documents, it was determined that they were not among the records which had been previously imaged. FBI subsequently imaged the documents, and on December 16, 2020, released the originals to the defendant.

The government remains ready to release the remaining originals to the defendant. She need only appear at the Memphis FBI office at a mutually agreeable time with suitable transportation. It is believed that a box-type truck, such as those commonly rented by U-Haul and other vendors, would be sufficient for that purpose.

## **ARGUMENT**

Despite the fact that the government has provided her with copies, returned selected originals, and made all of the originals available to her to for pickup at the Memphis FBI office, the defendant now asks the Court to compel the government to deliver the seized records described in her previous motion for return of property to THI. However, because the government has already done all that Fed. R. Crim. P. 41(g) requires of it with regard to the records, and the defendant has cited no legal authority for the request, it should be denied.

Although the defendant's motion does not cite it, this is essentially a continuation of her prior motion, which was brought under Fed. R. Crim. P. 41(g). That rule provides in relevant part that: "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return . . . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 646 F.2d 261, 262 (6th Cir. 1981).

However, "the court must balance the legitimate needs of the United States against the property rights of the moving party." *United States v. Popham*, 382 F.Supp.2d 942, 956 (E.D. Mich. 2005) (citing *Sovereign News*). In that regard, "the government may retain a movant's property if the government has a continuing interest in the property." *Stillman v. United States*, 121 F.3d 709, 1997 WL 464044, at *2 (6th Cir. July 23, 1997). "A criminal or tax investigation in progress constitutes a continuing interest." *Id.* (citing *Sovereign News* at 577 and *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990).

In this case, there is a continuing criminal investigation of the defendant for which the records are needed; and the government therefore has an interest in retaining them, rather than returning them to the defendant. Nevertheless, in an effort to balance that interest with the defendant's need for the records to conduct her business, the government agreed to image them, at its expense, and to release the original records to her.

To date, the government has imaged the records and provided the defendant with electronic copies of all the documents it has imaged. It has also made all of the originals available for pickup at the Memphis FBI office. Moreover, since the filing of the instant motion, the government has allowed the defendant and her counsel to examine the original documents at the FBI office and released a portion of the originals to her based on her claim that copies would not suffice. The government remains ready to release the remaining originals to the defendant. She need only appear at the Memphis FBI office at a mutually agreeable time with suitable transportation. The government has thus done all that it is required to do under Rule 41(g) and the Sixth Circuit cases interpreting it, and more.

The defendant, for her part, has cited no legal authority in support of her request. Accordingly, the Court should deny the defendant's motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's motion for return of property be denied as moot.

>Respectfully submitted,
>
>D. MICHAEL DUNAVANT
>United States Attorney
>
>By:   /s Christopher E. Cotten
>CHRISTOPHER E. COTTEN
>Assistant United States Attorney
>800 Federal Bldg., 167 N. Main
>Memphis, Tennessee 38103
>(901) 544-4231
>chris.cotten@usdoj.gov

## CERTIFICATE OF SERVICE

I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, do hereby certify that a copy of the foregoing motion has been delivered via the Court's electronic filing system, to the attorneys for the defendant.

This 17th day of October, 2020.

>/s Christopher E. Cotten
>CHRISTOPHER E. COTTEN
>Assistant United States Attorney

5