IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:20-CR-20148-SHL-tmp |
| ) | |
| **KATRINA ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |

**REPLY TO RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO DIRECT THE DEPT. OF JUSTICE TO RETURN THE HEALTHCARE INSTITUTE LLC'S RECORDS TO THE LOCATION FROM WHERE THEY WERE SEIZED**

COMES NOW Katrina Robinson, by and through her counsel Burch, Porter & Johnson, PLLC and The Walter Bailey Law Firm, and replies to the Response of the United States to Defendant's Motion to Direct the Dept. of Justice to Return The Healthcare Institute LLC's Records to the Location from Where They Were Seized. (ECF No. 49.) Ms. Robinson would reply as follows:

Even though the Government has already agreed to "return" the subject records to Ms. Robinson, (Response of the United States to Defendant's Motion for Return of Property, ECF No. 34), the Government now seemingly argues that it has a continuing need for the records. The Government cites no authority in support of its position that Ms. Robinson should have to bear the expense of retrieving her records; instead, the Government merely cites cases dealing with whether the Government must return the records at all. (ECF No. 49 at 3-4.) Meanwhile, the plain language

of Federal Rule of Criminal Procedure 41(g)[1] and the equities at issue in this case weigh in favor of the Government "return[ing]" the records to The Healthcare Institute, LLC ("THI"), from where they were seized.

## BACKGROUND

On October 9, 2020, the Government agreed, in writing, to return the subject records to Ms. Robinson.  The Government wrote, "Any personal and/or family documents of the defendant covered by her motion that are in the government's possession, including tax documents, personal health records, family member's health records, and family members' birth certificates **will be returned to the defendant without delay**."  (ECF No. 34 at 1 (emphasis added).)  The Government continued, "Thereafter, the government will retain the copies [of THI's business records], and **will return the originals to the defendant**."  (*Id.* at 1-2 (emphasis added).)  Despite this agreement, the Government now argues, "In this case, there is a continuing criminal investigation of the defendant for which the records are needed; and the government therefore has an interest in retaining them, rather than returning them to the defendant."  (ECF No. 49 at 4.)  Additionally, the Government cited authority that deals with whether the Court should order the return of the property in the first place, but those arguments are moot based on the Government's agreement to return the property.  (Text Order, ECF No. 35.)

## LAW AND ARGUMENT

The plain language of Rule 41(g) shows that the Government should return the property from where it was seized.  Under Rule 41(g), if the court finds that property should be returned

---

1. The Government argues that the Ms. Robinson failed to cite any authority in support of her request.  Ms. Robinson would argue, first, that no additional authority is necessary beyond the plain language of Rule 41(g). Meanwhile, Ms. Robinson also incorporated by reference her *Memorandum of Law in Support of Motion to Return Property*, (ECF No. 29-1), in her *Motion to Direct the Department of Justice to Return the Healthcare Institute LLC's Records to the Location from Where They Were Seized*.  (ECF No. 37 at 1.)

(or, as in this case, if the Government agrees to return the property), "the court must **return the property to the movant**, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g) (emphasis added). "Return" means "to bring, send, or put back to a former or proper place" or "to restore to a former or to a proper place." *Return*, Webster's New Collegiate Dictionary (150th Anniversary ed. 1981); *see also Return*, Oxford American Dictionary (1980) (defining "return" to mean to "come or go back" or "to bring or give or put or send back"). The plain or natural meaning of return is to put, bring, or send something back to its proper place. In this case, the proper place is THI, which is where the records were taken from and thus should be returned to. As such, the Court should order the Government to return the property to THI, from where it was seized.

Meanwhile, the equities also weigh in favor of the Government returning the property to THI. As previously discussed in Ms. Robinson's *Memorandum of Law in Support of Motion to Return Property,* (ECF No. 29-1 at 4), which was incorporated into the *Motion to Direct the Department of Justice to Return the Healthcare Institute LLC's Records to the Location from Where They Were Seized*, (ECF No. 37 at 1.), "a Rule 41 motion for return of property . . . involves essentially a civil equitable proceeding." *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990)). Here, the equities are clear. The Government took the voluminous records, including seven filing cabinets, from THI.[2] Fairness dictates that the Government should return the records that it took from THI to that same location. Forcing Ms. Robinson to pay hundreds of dollars to rent a truck and pay for movers is not fair when the Government seized records en masse including numerous personal records that

---

2. Ms. Robinson would also note that, at this point, at least one of the filing cabinets has been severely damaged by the Government, another factor weighing in favor of the Government returning what they have not already damaged.

were not relevant to the Government's case in this matter. (*See* ECF No. 34 at 1 (agreement by the Government to return personal and/or family documents of the defendant)().) As such, the equities weigh in favor of Ms. Robinson, not the government.

## CONCLUSION

The Government cites no authority that says a defendant should have to bear the cost of returning property to where the Government seized the property from. Instead, the Government has seemingly tried to backtrack on its agreement to return the property to Ms. Robinson. Meanwhile the plain language of Rule 41(g) and the equities in the case demonstrate that the Government should return the records to THI, from where they were seized. As such, Ms. Robinson respectfully requests that the Court order the Government to return the records from where they were seized.

Respectfully submitted,

s/Lawrence J. Laurenzi
Lawrence J. Laurenzi (9529)
L. Mathew Jehl (038251)
BURCH, PORTER & JOHNSON PLLC
180 North Court Avenue
Memphis, TN 38103
Tel: (901) 524-5000
Fax: (901) 524-5024
llaurenzi@bpjlaw.com
mjehl@bpjlaw.com

s/ Janika N. White
JANIKA N. WHITE (28355)
THE WALTER BAILEY LAW FIRM
22 North Front Street, Suite 1060
Memphis, Tennessee 38103
(901) 575-8702
Fax: (901) 575-8705
jwhite@walterbaileylaw.com

*Attorneys for Katrina Robinson*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

                                                  s/Lawrence J. Laurenzi
                                                  Lawrence J. Laurenzi