IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Crim. No. 2:20-cr-20148-SHL |
| KATRINA ROBINSON, | * | |
| Defendant. | * | |
| | * | |

_____

### RESPONSE OF THE UNITED STATES
### TO DEFENDANT'S MOTION TO DISMISS COUNTS 1-24

_____

COMES NOW the United States of America, by and through D. Michael Dunavant, United States Attorney, and Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, and responds as follows to the defendant's Motion to Counts 1-24 (RE-41):

### STATEMENT OF FACTS

On July 30, 2020, a federal grand jury in the Western District of Tennessee returned a 48-count indictment (RE-9) charging defendant Katrina Robinson with 24 counts of theft/embezzlement involving government programs in violation of 18 U.S.C. §666 and 24 counts of wire fraud in violation of 18 U.S.C. §1343. Each of the §666 counts alleged that the defendant stole[1] property worth at least $5,000 by making expenditures to specific payees over a specified period of time and for a specified purpose as follows:

---

[1] The exact charging language is "embezzled, stole, obtained by fraud, knowingly converted without authority to the use of a person not the rightful owner, and intentionally

| Count | Begin Date | End Date | Payee | Amount | Description |
|---|---|---|---|---|---|
| 1 | 07/01/2015 | 06/30/2019 | Katrina Robinson | $169,134 | Salary in excess of amounts permitted under HRSA grant terms |
| 2 | 07/01/2015 | 07/31/2019 | Lowes Cos. Inc. | $9,181.14 | Building supplies |
| 3 | 06/30/2015 | 08/15/18 | Best Buy | $16,655.61 | Electronics |
| 4 | 07/30/2015 | 04/26/2019 | Paypal | $33,180.97 | Clothing, shoes, hair/beauty products, spa supplies |
| 5 | 08/26/15 | 01/28/19 | Capital One | $13,584.82 | Payments on personal credit card |
| 6 | 11/16/2015 | 09/26/2017 | Home Depot | $9,126.43 | Building supplies |
| 7 | 01/27/2016 | 12/11/2017 | Wells Fargo Bank NA | $7,327.92 | Payments on personal credit card |
| 8 | 02/22/2016 | 06/13/2017 | Surplus Warehouse | $5,023.09 | Building supplies |
| 9 | 03/31/2016 | 05/31/2016 | BookIt.com | $5,294.93 | Travel to Jamaica |
| 10 | 08/15/2016 | 10/15/2018 | Amazon.com, Inc. | $16,995.53 | Clothing, hair/beauty products, home theatre equipment |
| 11 | 12/06/2016 | N/A | Methodist Healthcare FCU | $9,965.52 | Payment on personal loan |
| 12 | 04/13/2017 | 10/04/2019 | Cesar Herrera | $24,530.00 | Construction/remodeling work at Celebrity Body Studio |
| 13 | 04/17/2017 | 10/02/2017 | Memphis Grizzlies | $8,981.72 | Game tickets, seats for other FedEx Forum events, space rental for children's concession business |
| 14 | 04/20/2017 | 01/16/2020 | MMIC/Malkin Management | $32,800.00 | Rent for Celebrity Body Studio |
| 15 | 05/19/2017 | 12/13/2019 | Great Lakes Student Loans | $20,669.36 | Payments on personal student loan |
| 16 | 07/06/2017 | 12/12/2018 | Butler, Sevier, Hinsley & Reid, PLLC | $14,233.19 | Legal fees for divorce |

---

misapplied." (RE-9, PageID 37-38). This response will retain the convention in the defendant's motion of using the terms "steal," "stole," and "theft" as shorthand for the longer allegations.

| 17 | 08/11/2017 | 09/29/2017 | Daniel Foster | $7,610.00 | Construction/ remodeling work at Celebrity Body Studio |
| 18 | 08/11/2017 | 11/19/2019 | MLGW | $5,412.33 | Utilities for Celebrity Body Studio |
| 19 | 01/29/2018 | N/A | Katrina Robinson | $25,400.00 | Performance payout, FY 2017 |
| 20 | 03/06/2018 | 12/11/2019 | Ally Financial | $10,062.19 | Payments on 2016 Jeep Renegade |
| 21 | 04/04/2018 | N/A | Shelby County | $46,163.09 | Tax sale purchase of real property at 4422 Boeingshire Dr., Memphis, TN |
| 22 | 04/10/2018 | N/A | Pershing, LLC | $54,000.00 | Personal Individual Retirement Account |
| 23 | 09/28/2018 | 10/26/2018 | Tuscan Iron Entries | $5,528.16 | Iron entry door for personal residence |
| 24 | 12/18/2018 | 03/20/2019 | Gardner Group & Co. | $9,500.00 | Renovation work for 4422 Boeingshire Dr. |

(RE-9 at PageID 38-39). Thus, Counts 1-8, Count 10, Count 12, Counts 14-16, Count 18, and Count 20 all charge groups of transactions occurring over more than a 12-month period.

3

**ARGUMENT**

The defendant moves to dismiss Counts 1-24 of the indictment on several grounds. She argues that some of those counts are duplicitous because they charge conduct occurring over more than one year; that all of the counts are duplicitous and multiplicitous because they charge thefts from what she contends are two different entities; and, that some of the counts are multiplicitous because they allege multiple offenses occurring in the same year. To the extent that the defendant is correct about counts occurring over multiple years and multiple counts from the same year, that is easily corrected, and will be corrected, by a superseding indictment; and the Court should therefore either deny the defendant's motion to dismiss the current indictment or reserve ruling to give the government the opportunity to seek one. The defendant is incorrect that the indictment charges thefts from multiple entities, and on that ground, her motion should be denied.

I.   **Duplicity and Multiplicity in General**

"A duplicitous indictment charges separate offenses within a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Anderson*, 605 F.3d 404, 414 (6th Cir. 2010) (quoting *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997)) (citations and internal quotation marks omitted).

However, "[t]he government's presentation of multiple factual scenarios to prove [an] offense does not render the count duplicitous . . ." *Washington*, 127 F.3d at 513, 519 n.3 (holding that an indictment count was not duplicitous that charged as one offense two separate drug transactions involving two defendants and six theories of involvement for a combined 72 different possible factual scenarios to prove the allegation). Further, an indictment may charge multiple violations in a single count "[t]o avoid unnecessarily complex and confusing allegations and the

concomitant prejudice [to the defendant] of charging [her] with scores of substantive counts arising out of the same scheme." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981); *see also Cohen v. United States*, 378 F.2d 751, 754 (9th Cir. 1967) ("The government is to be commended rather than criticized" for simplifying the indictment by combining multiple calls for the same purpose in a relatively short time frame in a single count").

By contrast, "[m]ultiplicity is charging a single offense in more than one count of an indictment." *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (quoting *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008)) (citations and internal quotation marks omitted). A multiplicitous indictment, therefore, "may result in a defendant being punished twice for the same crime." *Myers* at 355 (quoting *Swafford* at 844) (citations omitted). "To determine whether charges are multiplicitous, we generally analyze, under *Blockburger v. United States*, 284 U.S. 299 (1932), whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous." *Myers* at 355 (some internal citations omitted).

"Using the same evidence to prove violations of two statutes does not violate *Blockburger*." *Swafford* at 844. "But in examining whether the elements overlap the *Blockburger* analysis does require us to go further and look to the legal theory of the case or the elements of the specific criminal cause of action . . ." *Id.* (quoting *Pandelli v. United States*, 635 F.2d 533, 538 (6th Cir. 1980) (internal quotation marks omitted).

### II. The Sixth Circuit's Treatment of Theft under 18 U.S.C. §666 and Its Application to Counts 1-24.

The defendant is charged in Counts 1-24 under 18 U.S.C. §666(a)(1), which provides that:

(a) Whoever, if the circumstance described in subsection (b) of this section exists –

5

> (1) Being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof –
> (A) Embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that –
> (i) is valued at $5,000 or more, and
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency . . .

The circumstance described in subsection (b) of the statute is that "the organization, government or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. §666(b).

The Sixth Circuit permits the charging of multiple thefts in a single count to reach the $5,000 threshold in §666(a)(1)(A)(i). *United States v. Sanderson*, 966 F.2d 184, 189 (6th Cir. 1992) ("Thus under section 666, where multiple conversions are part of a single scheme, it seems appropriate to aggregate the value of property stolen in order to reach the $5,000 minimum required for prosecution"). However, in *United States v. Valentine*, 63 F.3d 459, 464 (6th Cir. 1995), the Court held that "a natural reading of the statute requires the $5,000 theft to occur during a one-year period." In so doing, it also cited with approval the case of *United States v. Urlacher*, 784 F.Supp. 61, 63 (W.D.N.Y.), *aff'd*, 979 F.2d 935 (2nd Cir. 1992) in which:

> the district court concluded that the proper unit of prosecution was one count per entity per one-year period. Consequently, the court [in *Urlacher*] refused to allow the government to reach the $5,000 minimum and then start the aggregation process again, charging defendant with multiple violations for conduct that occurred within a one-year time frame.

*Valentine* at 464.

Applying *Valentine* to the conduct in this case, it thus appears that the appropriate units of prosecution for charging violations of §666 based on the defendant's conduct would be four counts

– one for each year in which thefts took place. Many of the counts in the current indictment, in charging conduct which encompass more than a one-year period and in charging multiple counts alleging conduct occurring in the same year, are not in compliance with the *Valentine* holding.

It does not necessarily follow from that, however, that dismissal is the appropriate remedy. For example, in *Urlacher*, upon which the Sixth Circuit relied in *Valentine*, the district court declined to grant the defendant's motion to dismiss, deciding instead to consolidate two indictments to eliminate the multiplicity. *Urlacher* at 65. On appeal, the Second Circuit affirmed, holding that "Urlacher was not prejudiced because the consolidated indictment did not introduce any new charges against him; on the contrary, it reduced the number of charges he faced." *United States v. Urlacher*, 979 F.2d 935, 937 (2nd Cir. 1992).

Here, the defect is easily remedied by a superseding indictment arranging and aggregating the charged conduct by year in the appropriate number of counts. As in *Urlacher*, the defendant is not prejudiced thereby, as this would reduce the number of §666 charges she would face from 24 to four. Accordingly, the government intends to seek a superseding indictment in this case for that purpose. It is therefore submitted that the appropriate remedy is not to dismiss the current indictment, but rather to either deny the defendant's motion to dismiss without prejudice or reserve ruling on the motion to allow the indictment to be superseded in order to correct the defect.

### III. Counts 1-24 are not duplicitous or multiplicitous by charging thefts from different entities.

The defendant also argues that Counts 1-24 are duplicitous because they charge thefts from two different entities. This is so, according to the defendant, because paragraph 5 of the indictment's introductory allegations states that she executed a scheme to defraud and steal from

THI[2], whereas the charging language for Counts 1-24 alleges that she stole at least $5,000 owned by the United States. (RE-41 at PageID 106). This argument, however, is simply a matter of the defendant's having misquoted the indictment, thereby altering its plain meaning.

In her motion at p.6, the defendant quotes the charging language for Counts 1-28 as follows:

> embezzled, stole, obtained by fraud, knowingly converted without authority to the use of a person not the rightful owner, and intentionally misapplied property worth at least $5,000 and owned by, and under the care, custody, and control of such organization, *that is, the United States*.

(RE-41, PageID 106) (emphasis added). The actual language, quoted more fully for further context, charges that the defendant:

> being an agent of an organization receiving benefits in excess of $10,000 during any given one-year period between January 1, 2015 and December 31, 2019 under the Geriatrics Workforce Enhancement Program administered by the U.S. Dept. of Health and Human Services, Health Resources and Services Administration, embezzled, stole, obtained by fraud, knowingly converted without authority to the use of a person not the rightful owner, and intentionally misapplied property worth at least $5,000 and owned by, and under the care, custody, and control of such organization, that is, United States *funds* in the amounts set forth below paid to the payees set forth below for the general purposes set forth below.

(RE-9, PageID 37-38).

Thus, the defendant's motion misquotes the indictment by adding "the" before "United States" and removing the word "funds". In the actual charging language, "such organization" clearly refers back to the organization of which the defendant was an agent, rather than the United

---

[2] Paragraph 5 reads: "Beginning on or about July 1, 2015 and continuing until on or about June 30, 2019, defendant KATRINA ROBINSON executed a scheme and artifice to defraud, and to obtain money and property belonging to THI through embezzlement, theft, intentional misapplication, and knowing conversion without lawful authority by means which included, but were not limited to the following..."

States, whereas "United States funds" refers to the fact that the thefts are enumerated in U.S. dollars. The indictment, then, charges theft from only one entity: THI, the organization of which the defendant was an agent.

The defendant also argues that Counts 1-24 are multiplicitous because charging thefts in the form of payments to multiple payees is tantamount to charging thefts from multiple entities. This argument misapprehends the meaning of the word "entity" as used in *Valentine*.

The term makes its way into *Valentine* via its citation to *Urlacher*. The defendant in that case was charged in two separate indictments. *Urlacher*, 784 F.Supp. at 63. "[T]he only difference between the substantive counts in the first indictment and those in the second indictment is the *source* of the money the defendant allegedly embezzled or misapplied." *Id*. (Emphasis added). In one, it was the City of Rochester, whereas in the other it was the Monroe County Probation Department and Chase Lincoln First Bank. *Id*.

The Court thus found the two indictments multiplicitous and held that "the 'unit of prosecution' in this case is '$5,000 or more,' from whatever *source*, in any one year period in which the government or agency at issue receives more than $10,000 in Federal aid." *Id*. at 64 (emphasis added). The Sixth Circuit in *Valentine* then paraphrased and summarized this holding as, "the proper unit of prosecution was one count per entity per one-year period." *Valentine* at 464. Placed in that context, the term "entity" clearly refers to the *source* of the stolen funds, that is the victim organization, and not the *application* of the funds, or the places where the stolen money was spent.

The indictment is thus neither duplicitous nor multiplicitous for charging thefts from multiple entities, and the Court should not dismiss it on that basis.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's motion be denied.

                                Respectfully submitted,

                                D. MICHAEL DUNAVANT
                                United States Attorney

By:   /s Christopher E. Cotten
        CHRISTOPHER E. COTTEN

        /s Scott P. Smith
        SCOTT P. SMITH

        /s Naya Bedini
        NAYA BEDINI
        Assistant United States Attorneys
        800 Federal Building
        Memphis, Tennessee 38103
        (901) 544-4231

## CERTIFICATE OF SERVICE

I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, do hereby certify that a copy of the foregoing motion has been delivered via the Court's electronic filing system, to the attorneys for the defendant.

This 8th day of January, 2021.

                                /s Christopher E. Cotten
                                CHRISTOPHER E. COTTEN
                                Assistant United States Attorney