IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | | Crim. No. 2:20-CR-20148-SHL-tmp |
| v. | * | |
| KATRINA ROBINSON, | * | |
| Defendant. | * | |

### RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

COMES NOW the United States of America, by and through D. Michael Dunavant, United States Attorney, and Christopher E. Cotten, Scott P. Smith, and Naya Bedini, Assistant United States Attorneys for the Western District of Tennessee, and responds as follows to defendant Katrina Robinson's Motion for a Bill of Particulars (RE-43).

### STATEMENT OF FACTS

On July 30, 2020, a grand jury indicted the defendant in a 48-count indictment alleging theft and embezzlement involving government programs in violation of 18 U.S.C. §666 and wire fraud in violation of 18 U.S.C. §1343. (RE-9). The indictment first sets out a five-paragraph introduction to the scheme to defraud, which includes all relevant dates to the scheme generally. *Id*. at PageID 33. This is followed by a four-paragraph description of the manner and means of fraud. *Id*. at PageID 33-38.

The third paragraph of the "manner and means" section of the indictment is the part in controversy; it alleges in part that the defendant "[r]epresent[ed] to [The Health Resources and Services Administration (HRSA)] that certain individuals were students and/or graduates of [The Healthcare Institute's (THI)] educational programs, well knowing that those individuals were neither current students nor graduates." *Id*. at PageID 37.

The indictment next alleges that by the manner and means described, the defendant used THI funds to pay personal expenses constituting 24 counts of theft involving government programs and 24 counts of wire fraud. *Id* at 37-42. The federal program theft section alleges the following in pertinent part:

> On or about the dates set forth below, in the Western District of Tennessee and elsewhere, the defendant . . . being an agent of an organization receiving benefits in excess of $10,000 during any given one-year period between January 1, 2015 and December 31, 2019 under the Geriatrics Workforce Enhancement Program administered by the U.S. Dept. of Health and Human Services . . . embezzled, stole, obtained by fraud, knowingly converted without authority to the use of a person not the rightful owner, and intentionally misapplied property worth at least $5,000 and owned by, under the care, custody, and control of such organization, that is, United States funds in the amounts set forth below paid to the payees set forth below for the general purposes set forth below . . . .

*Id*. at PageID 37-38. The indictment follows with a table setting out the individual counts by count number, begin date, end date, payee, amount, and description. *Id*. at PageID 38-39. And the wire fraud section alleges the following in pertinent part:

> On or about the dates set forth below, in the Western District of Tennessee and elsewhere, the defendant . . . for the purpose of executing the scheme described in paragraphs 1-8 above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds

>constituting the financial transaction more particularly described in each count below . . . ."

*Id*. at PageID 40-42. The indictment follows with a table similar that already described. *Id*. at PageID 42.

The government has provided discovery, including THI business records, to the defendant. (*See generally* Government's Rule 16 Discovery Response, RE-23; Government's Response to Defendant's Motion for Return of Property, RE-34.) THI business records include student files with grades, assessments, transcripts, and attendance records; THI's vendor and contracting documents; THI's accounting documents and documents pertaining to THI's clinical partnerships. *Id*.

The defendant now contends that this Court should order the government to file a bill of particulars to minimize surprise to the defendant and allow trial preparation. (RE-43: Def's Mot. For Bill of Particulars).

## **LAW AND ARGUMENT**

The defendant claims that she is entitled to the names of the students the government alleges were fraudulent. The defendant's motion is without merit and should be denied. The indictment provides detailed and specific information about the nature of the alleged crimes. The defendant is able to prepare for trail based on this information. Further, the government has provided ample discovery and should not be required before trial to highlight every detail in its evidence.

"The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time of the court

3

permits." Fed. R. Crim. P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976)). "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id*. (citation omitted). "Further, a defendant is not entitled to discover all the overt acts that might be proven at trial." *Id*.

The indictment in this case provides detailed and specific information about the nature of the defendant's conduct that serves as the basis for all 48 charges. The indictment pleads the elements of theft or embezzlement involving government programs under 18 U.S.C. § 666(a)(1)(A). *See United States v. Valentine*, 63 F.3d 459, 462 (stating the elements of federal program theft). The indictment pleads the elements of wire fraud under 18 U.S.C. § 1343. *See United States v. Prince*, 214 F.3d 740, 747-48 (6th Cir. 2003) (stating the elements of wire fraud). The time frame for each count is supplemented with details regarding payee information, a total amount for the period in question, and a description of the payment goods or services purchased. Further, the introduction section of the indictment provides all relevant dates for the scheme generally for the defendant to narrow her focus in preparation for trial. The language challenged by the defendant adds even more detail to the indictment by placing her on specific notice that during the provided time frame she is charged with representing to HRSA that certain individuals were students when she knew they were not.

The numerous details provided in the indictment, the pleading of the elements of the charged offenses, and the availability of discovery materials, including THI business records,

4

combine to provide the defendant what is needed to prepare a defense absent surprise. *See United States v. Maike*, No. 4:17CR-00012-JHM, 2020 WL 1676805, at *4 (W.D. Ky. 2020) ("[A] bill of particulars is not warranted in this case because the [i]ndictment contains the elements of the charged offenses, the [i]ndictment sufficiently apprises [the defendant] of the charges to enable him to prepare for trial, and the United States has provided [the defendant] with sufficient discovery."). As a reference point, it is helpful to consider that in conspiracy cases the government is not even required to provide the names of a defendant's alleged co-conspirators. *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)). In that light, matched with all the other considerations set out above, the defendant's motion here is without merit.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's Motion to for a Bill of Particulars be denied.

                Respectfully submitted,

                D. MICHAEL DUNAVANT
                United States Attorney

By:   /s Christopher E. Cotten
      CHRISTOPHER E. COTTEN

      /s Scott P. Smith
      SCOTT P. SMITH

      /s Naya Bedini
      NAYA BEDINI
      Assistant United States Attorneys
      800 Federal Building
      Memphis, Tennessee 38103
      (901) 544-4231

## CERTIFICATE OF SERVICE

I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing motion has been sent, either first class postage pre-paid or via the Court's electronic filing system, to the attorneys for the defendant.

This 8th day of January, 2021.

/s Christopher E. Cotten
CHRISTOPHER E. COTTEN
Assistant United States Attorney