IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | | Crim. No. 2:20-CR-20148-SHL-tmp |
| v. | * | |
| KATRINA ROBINSON, | * | |
| Defendant. | * | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION TO DISMISS COUNTS 25-48 OF THE INDICTMENT**

COMES NOW the United States of America, by and through D. Michael Dunavant, United States Attorney, and Christopher E. Cotten, Scott P. Smith, and Christopher E. Cotten, Assistant United States Attorneys for the Western District of Tennessee, and responds as follows to defendant Katrina Robinson's Motion to Dismiss Counts 25-48 of the Indictment (RE-44).

**STATEMENT OF FACTS**

On July 30, 2020, a grand jury indicted the defendant in a 48-count indictment alleging theft of theft and embezzlement involving government programs in violation of 18 U.S.C. §666 and wire fraud in violation of 18 U.S.C. §1343. (RE-9: Indictment). The indictment first sets out a five-paragraph introduction to the scheme to defraud, followed by a four-paragraph description of the manner and means of fraud. *Id*. at PageID 33-37. After then describing the specific theft of public funds allegations, the indictment enumerates 24 counts of wire fraud. *Id*. at PageID 40-41.

The defendant now contends that this Court should dismiss Counts 25-48 for failure to

plead the "in interstate or foreign commerce" element of wire fraud. (RE-44: Def's Mot. to Dismiss). Alternatively, the defendant contends that this Court should dismiss a number of the wire fraud counts as duplicitous. *Id*.

The wire fraud portion of the indictment charges in pertinent part that the defendant "caused to be transmitted by means of wire communication in interstate commerce the signals and sounds constituting . . . financial transactions . . ." (RE-9 at PageID 40). The indictment goes on to enumerate 24 counts of wire fraud by count number, begin date, end date, payee, dollar amount, and description. *Id*. at PageID 40-42 The descriptions, in every case, list the means of payment and type of product or service purchased. *Id*. Payment means include ACH, credit card, debit card, check, Square, and PayPal. *Id*. Products and services described include payments on personal credit cards, payments on a personal TJ Maxx charge card, payment for cruise, and payment for personal auto repair, just to name a few. *Id*. Each count charges a different payee. *Id*. Some payees received multiple electronic payments within the described date range; other payees received only one electronic payment. *Id*.

The scheme introduction at Paragraph 1 of the indictment, incorporated by reference into the wire fraud allegations, states that "Regions Bank was a financial institution headquartered in Birmingham, Alabama." *Id*. at PageID 34, 40. The manner and means description, specifically at Paragraph 7 of the indictment, also incorporated by reference into the wire fraud allegations, alleges:

> It was part of the scheme that **ROBINSON** would use THI funds for a large number of personal expenditures. Those funds were either debited directly from THI's primary operating account at Regions Bank in check, debit card, or ACH or other electronic transactions; from a savings account at Regions Bank owned by THI; or were

2

conducted using a THI credit card which was repaid using THI funds. The items involved in these transactions include, but are not limited to, the following:

a. One parcel of real property located at 4422 Boeingshire Drive, Memphis, Tennessee;

b. One 2016 Jeep Renegade, VIN ZACCJABT9GPD91905;

c. Clothing, accessories, and hair and beauty products;

d. Expenses related to **ROBINSON's** wedding and honeymoon;

e. Other personal travel and entertainment;

e. Home electronics;

f. Improvements to **ROBINSON's** personal residence;

g. Payments on **ROBINSON's** personal credit cards, store charge cards, student loans, and other personal loans;

h. Construction, rent, utilities, security services, equipment, and supplies for Celebrity Body Studio, a body aesthetics business owned by **ROBINSON** and unrelated to THI and its mission;

i. Equipment and supplies for a snow cone business operated by **ROBINSON's** children;

j. Legal fees for **ROBINSON's** divorce;

k. Expenses related to a campaign event at TPC Southwind for **ROBINSON's** Tennessee State Senate campaign.

*Id*. at PageID 35-36.

3

**LAW AND ARGUMENT**

The defendant's motion is without merit and should be denied. The wire fraud allegations sufficiently plead the contested interstate wire element because the indictment tracks the language of the statue and because the indictment includes additional details that will enable the defendant to plead an acquittal or conviction in bar of potential future prosecutions arising from the same offense. Further, the various wire fraud counts are not duplicitous because they may be read to charge only one violation in each count, and, in any event, dismissal of allegedly duplicitous charges is an improper form of relief to seek prior to trial.

**I.      The indictment sufficiently pleads the interstate wire element of wire fraud.**

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). "In general, an indictment is constitutionally adequate if it 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Id*. The statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Id.* (emphasis removed).

The second of the three elements of wire fraud is "use of interstate wire communications in furtherance of the scheme [to defraud]." *United States v. Prince*, 214 F.3d 740, 747-48 (6th Cir.

4

2003). The corresponding statutory language provides that, "[w]hoever having devised … any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or *causes to be transmitted by means of wire*, radio, or television *communication in interstate* or foreign *commerce*, *any* writings, signs, *signals*, pictures, *or sounds* for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. §1343 (emphasis added).

The indictment in this case pleads the interstate wire element of wire fraud by tracking the statutory language. In introducing the wire fraud table of counts, the indictment's charging language alleges that the defendant "for the purpose of executing the scheme described . . . above . . . caused to be transmitted *by means of wire communication in interstate commerce the signals and sounds* constituting the financial transactions more particularly described" in the table that follows. (RE-9, PageID 40). The defendant was thus fairly informed of the interstate wire element by pleading the statutory language. *See United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (charging the relevant language of the statute ". . . [s]atisfies the first prong of *Hamling*.")

The then indictment supplements the statutory language with details relating to each of the 24 counts of wire fraud alleged. *Id.* at PageID 40-41. Specifically, the indictment provides the date or date range of payments made, the name of the payee, the total amount of payment to the payee in question during the date range in alleged, a description of the payment means (*e.g.* ACH, Debit Cart, Credit Card), and a description of the product or service purchased. *Id*.

The "Manner and Means" section of the indictment provides further specificity by explaining the source of payments in alleging that the THI funds used for the defendant's personal expenditures "were either debited directly from THI's primary operating account at Regions Bank

5

in check, debit card, or ACH or other electronic transactions; from a savings account at Regions Banks owned by THI; or were conducted using a THI credit card which was repaid using THI funds." *Id*. at PageID 35-36.

With these allegations taken together, the second prong of *Hamling* is readily satisfied because the defendant is enabled "to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense." *Anderson*, 605 F.3d at 411 (holding that an indictment that alleges relevant time period and specific events that triggered the charge against the defendant satisfied the second prong of *Hamling*); *see also United States v. Chichy*, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993) ("An indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times.") (*superseded on other grounds* as recognized by *United States v. Smith*, 196 F.3d 676, 681 (6th Cir. 1999) (regarding Guideline double counting)).

Above and beyond the legal requirements for a valid indictment, here, the defendant requests "locations for where the wire originated or ended." (RE-44 at PageID 124). The defendant asserts that "without that information, the [g]overnment has failed to state a proper [w]ire [f]raud charge because they have not pleaded the facts showing that the wire communications crossed state lines." *Id*.

The defendant's demand would have the Court impose upon the government a standard above and beyond the *Hamling* test for sufficiency. The defendant cites no legal authority for the proposition that a wire fraud charge is not sufficiently pled without stating the physical locations from which or to which a wire originated or ended. The indictment in this case pleads the interstate wire element by tracking the statute's language and then provides additional facts and

6

circumstances — the Alabama origin of the funds, approximate payment dates, vendor names, and transaction amounts — more than sufficient to bar potential future prosecutions for the same conduct. The defendant is on reasonable notice to defend Counts 25-48. The defendant's motion to this end is without merit.

### II. The wire fraud counts are not duplicitous, and even if they were, dismissal of the indictment is not the appropriate form of relief.

The defendant alleges that Counts 25-27, 29-32, 34, 38-40, and 45-48 should be dismissed because they are duplicitous. (RE-44 at PageID 125). "A duplicitous indictment charges separate offenses within a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Anderson*, 605 F.3d 404, 414 (6th Cir. 2010) (quoting *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997)) (citations and internal quotation marks omitted).

However, "[t]he government's presentation of multiple factual scenarios to prove [an] offense does not render the count duplicitous . . ." *Washington*, 127 F.3d at 513, 519 n.13 (holding that an indictment count was not duplicitous that charged as one offense two separate drug transactions involving two defendants and six theories of involvement for a combined 72 different possible factual scenarios to prove the allegation). Further, an indictment may charge multiple violations in a single count "[t]o avoid unnecessarily complex and confusing allegations and the concomitant prejudice [to the defendant] of charging [her] with scores of substantive counts arising out of the same scheme." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981); *see also Cohen v. United States*, 378 F.2d 751, 754 (9th Cir. 1967) ("The government is to be commended rather than criticized" for simplifying the indictment by combining multiple calls for the same

purpose in a relatively short time frame in a single count").

Moreover, "[a]ssuming arguendo that the indictment [is] duplicitous . . . dismissal of the indictment is not the proper remedy. *Robinson*, 651 at 1195. "The proper way to attack a duplicitous indictment is by a motion to elect." *United States v. Ibarra-Diaz*, 805 F.3d 908, 930 (10th Cir. 2015) (quoting *United States v. Henry*, 504 F.2d 1335, 1338 (10th Cir. 1974)).

Here, while Counts 25-27, 29-32, 34, 38-40, and 45-48 provide multiple factual scenarios – in the form of multiple financial transactions – to prove a single count of wire fraud, the result is the avoidance of unnecessarily complex charging. The multiple payments may be grouped in a single count of wire fraud because they all arise from the same scheme to use federally funded THI monies to pay a particular payee for multiple goods or services rendered to the defendant in her personal capacity. It is unnecessary to charge the defendant with scores of substantive counts arising from this same basic scheme. *Robinson*, 651 F.2d at 1194. A general jury instruction on unanimity "will alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005).

Alternatively, if this Court finds the charges in question are duplicitous, the appropriate form of relief to seek is a motion to elect. *Ibarra-Diaz*, 805 F.3d 908, and not dismissal of the indictment.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's Motion to Dismiss Counts 25-48 of the Indictment be denied.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:  /s Christopher E. Cotten
CHRISTOPHER E. COTTEN

/s Scott P. Smith
SCOTT P. SMITH

/s Naya Bedini
NAYA BEDINI
Assistant United States Attorneys
800 Federal Building
Memphis, Tennessee 38103
(901) 544-4231

## CERTIFICATE OF SERVICE

I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing motion has been sent, either first class postage pre-paid or via the Court's electronic filing system, to the attorneys for the defendant.

This 8th day of January, 2021.

/s Christopher E. Cotten
CHRISTOPHER E. COTTEN
Assistant United States Attorney