IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Crim. No. 2:20-cr-20148-SHL |
| KATRINA ROBINSON, | * | |
| Defendant. | * | |
| | * | |

_____

## RESPONSE OF THE UNITED STATES
## TO DEFENDANT'S MOTION TO RETURN PROPERTY
## BASED ON ILLEGAL PRETRAIL SEIZURE
_____

COMES NOW the United States of America, by and through D. Michael Dunavant, United States Attorney, and Christopher E. Cotten, Scott P. Smith, and Naya Bedini, Assistant United States Attorneys for the Western District of Tennessee, and responds as follows to the defendant's Motion to Return Property Based upon Illegal Pretrial Seizure (RE-45):

### STATEMENT OF FACTS

On February 21, 2020, FBI agents seized one 2016 Jeep Renegade, VIN ZACCJABT9GPD91905 during the execution of a search warrant (copy attached as Exhibit A hereto) at the defendant's residence.

On July 30, 2020, a federal grand jury in the Western District of Tennessee returned the indictment in this case. (RE-9: Indictment). As the defendant's motion correctly notes, the seized Jeep was financed through Ally Financial Services. Count 20 of the Indictment charges a violation

of 18 U.S.C. §666 in connection with payments to Ally for the Jeep. *Id.* at PageID 39. Consistent with that charge, the indictment's forfeiture allegations list the Jeep as being subject to forfeiture as proceeds of the charged offenses. *Id.* at PageID 43.

The defendant's motion also notes, correctly, that, "[i]n 2017, THI [defendant's company The Healthcare Institute LLC] purchased the Jeep." (RE-45, PageID 128). Yet, as the photos attached hereto as Exhibit B attest, during the execution of the search warrant, it became clear from the accoutrements and personal items found inside that the Jeep, which was nominally a company vehicle, was actually being used by the defendant's teenage daughter. The defendant had thus converted THI's corporate property to her family's own personal use.

## ARGUMENT

### I.   The defendant is not entitled to the release of the property.

The defendant moves for the return of the Jeep based on the Supreme Court's holding in *Luis v. United States*, ___ U.S. ___, 136 S.Ct. 1083 (2016) that the government cannot restrain untainted property pretrial. However, because the holding in *Luis* is limited to property that is both untainted *and* needed to retain the defendant's counsel of choice, and the subject property is neither, the Court should deny her motion.

The question before the Court in *Luis* was "whether the pretrial restraint of a criminal defendant's legitimate, untainted assets (those not traceable to a criminal offense) needed to retain counsel of choice violates the Fifth and Sixth Amendments." *Id.* at 1088. In a plurality opinion, it held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Id.* By its own terms, then, *Luis* only applies to property that is both 1) untainted, and 2) needed to retain counsel of choice.

Courts interpreting *Luis* have construed it in precisely that manner. They have denied relief where there has been a finding of at least probable cause to believe that the property is subject to forfeiture as proceeds or an instrumentality of an offense. *See United States v. Jones*, 844 F.3d 636, 641-42 (7th Cir. 2016) (no plain error in pretrial restraint of defendant's assets where "[n]othing in the record tends to show that the [subject properties] were not tainted by Jones' fraud."); *Unites States v. Easley*, 2020 WL 1310486, at *4 (W.D. Ky. Mar. 19, 2020) (*Luis* not implicated where subject property was alleged in the indictment to be an instrumentality of the crime); *United States v. Fuhai Li*, 2018 WL1299724, at *10 (M.D. Pa. Mar. 13, 2018) (*Luis* has no application to property seized with a warrant and named in an indictment); *United States v. Sadiq*, 2017 WL 3457175, at *3-4 (E.D. Mich. Aug. 11, 2017) (defendant's Sixth Amendment rights not violated by pretrial restraint of property seized with a warrant after being named in an indictment and thus "identified as tainted from the outset"); *United States v. Hernandez-Gonzalez*, 2017 WL 2954676, at *4 (S.D. Fla. June 26, 2017) (*Luis* "makes a careful distinction between tainted and untainted assets"); *United States v. Pokerstars*, 2017 WL 1536010, at *4 (S.D.N.Y. April 28, 2017) ("The Court in *Luis* noted numerous times throughout its opinion that pretrial restraint of tainted assets remains constitutional").

They have also denied relief, even in cases of untainted property, where the defendant did not show that the property was needed to hire counsel of choice. *See United States v. Lindell*, 766 Fed.App'x 525, 529 (9th Cir. 2019) ("Even assuming there were untainted funds in the IRA during the criminal proceedings, Defendants have failed to clearly demonstrate that those funds were needed to pay for counsel of choice"); *United States v. Chittendon*, 848 F.3d 188, 194-95 (4th Cir. 2017) (no Sixth Amendment violation under *Luis*, even though the government was allowed to restraint both tainted and untainted funds, where the defendant retained counsel of her choice)

3

(*vacated on other grounds*, *Chittenden v. United States*, 138 S.Ct. 447); *Jones* at 642 (no plain error in pretrial asset restraint where "it is unclear whether Jones even needed [the subject properties] to retain counsel"); *Pokerstars* at *4 ("The Supreme Court [in *Luis*] also made no mention of the holding's applicability outside the context of the Sixth Amendment"); and, *United States v. Wood*, 2016 WL 8131240, at *4 (E.D. Ky. Oct. 3, 2016) (Supreme Court in *Luis* "explicitly cabined its opinion to untainted defense funds").

Here, the defendant can show neither. The Jeep is not an untainted asset. It was properly seized during the execution of a search and seizure warrant and is directly connected to the charges in the indictment, as it is named in both Count 20 and the indictment's forfeiture allegations.[1]

The defendant, moreover, does not even contend in this case that the release of the property is needed to retain counsel of choice. In fact, the Court's docket reflects that she has already done so, as she is currently represented by a team of five retained attorneys from two different law firms.

It should be noted in addition that the defendant does not even request that the vehicle be released to her, but rather to THI. That request is problematic apart from any other considerations in that the defendant has plainly converted THI's nominal property to her own use, ignoring the distinction between herself and the corporation that she would have the Court enforce. In sum, because the subject property is not an untainted asset needed to retain the defendant's counsel of choice, she is not entitled to its release.

---

[1] This calculus is not altered by the defendant's assertion that THI has continued making payments on the vehicle since its seizure. Assuming for the sake of argument that this is true, it is a circumstance entirely of the defendant's/THI's own making. And whether it is their intended purpose or not, they cannot purge the taint upon the vehicle which already exists by voluntarily making payments with arguably untainted funds after it has already been seized.

This is especially true when the Court considers the use to which the vehicle was being put at the time it was seized. Had not the unlawful conversion of THI's vehicle to the defendant's own use been interrupted by its seizure, any payments made on it since would have likewise constituted criminally derived proceeds.

**II.     The defendant is not entitled to an evidentiary hearing.**

In the alternative, the defendant requests that the Court conduct an evidentiary hearing in which the government would be required to prove that the Jeep is a tainted asset. The defendant, however, has failed to make the prerequisite showing to obtain such a hearing, and that request should likewise be denied.

The Sixth Circuit has a well-established precedent for when a criminal defendant is entitled to an evidentiary hearing on a motion release property seized for forfeiture.

> Since 2005, the Sixth Circuit has agreed that a defendant has a right to such a hearing "only when the defendant can (1) demonstrate to the court's satisfaction that [ ] he has no assets and (2) make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense."

*United States v. Wood*, 2016 WL 8131240, at *5 (E.D. Ky. Oct. 3, 2016) (quoting *United States v. Jamieson*, 427 F.3d 394, 406 (6th Cir. 2005), which, in turn, cited and quoted *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998) (some internal quotation marks removed). "When the defendant makes the required showings, the burden then shifts to the prosecution to establish, by probable cause at an adversarial hearing, that the restrained assets are traceable to the underlying offense." *Jamieson* at 406.

"Nothing about . . . *Luis* purports to (or does) overrule or invalidate the *Jones-Jamieson* hearing preconditions or burden regime." *Wood* at *5. Accordingly, it applies to requests for relief under *Luis*. *Id. See also United States v. Singleton*, 2018 WL 5075982, at *48-49 (E.D. Ky. Mar. 20, 2018) (finding no error in the trial court's refusal to conduct an evidentiary hearing on asset seizures where defendant did not satisfy *Jamieson* test).

In this case, the defendant cannot satisfy either of the *Jamieson* preconditions. She does not contend that she has no assets to hire counsel and alleges in only the most conclusory fashion that the Jeep is an untainted asset. She is thus not entitled to an adversary hearing, and the Court should deny that request.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's motion be denied.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:  /s Christopher E. Cotten
CHRISTOPHER E. COTTEN

/s Scott P. Smith
SCOTT P. SMITH

/s Naya Bedini
NAYA BEDINI
Assistant United States Attorneys
800 Federal Building
Memphis, Tennessee 38103
(901) 544-4231

## **CERTIFICATE OF SERVICE**

    I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, do hereby certify that a copy of the foregoing motion has been delivered via the Court's electronic filing system, to the attorneys for the defendant.

    This 8th day of January, 2021.

                                                /s Christopher E. Cotten
                                                CHRISTOPHER E. COTTEN
                                                Assistant United States Attorney