IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CR-20148-SHL-tmp |
| ) | |
| KATRINA ROBINSON, ) | |
| ) | |
|     Defendant. ) | |

**MOTION TO DISMISS COUNTS IN COUNT 3 AND COUNT 4 OR, IN THE ALTERNATIVE, TO STRIKE FROM THE RESPECTIVE EXPENDITURES THAT ARE SALARIES, BONUSES, AND OTHER COMPENSATION AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Katrina Robinson, by and through her counsel Burch, Porter & Johnson, PLLC and respectfully moves this Court to dismiss Count 3 and Count 4 or in the alternative to strike from those counts the Government's reliance on salaries, bonuses, and benefits to support its charge of theft from a governmental agency that receives government funds in violation of 18 U.S.C. Section 666. In these counts, the Government alleges that Katrina Robinson schemed to pay herself salary and benefits even though Section 666 itself exempts from criminal liability the receipt of "bona fide salary or wages." While the Indictment alleges that Katrina Robinson received these payments as salary and benefits, the only caveat is that the salary and benefits were more than what the HRSA grant allowed. However, as shown more fully below the HRSA grant did not control her salary, benefits, and profit from The Health Care Institute (THI) - a "for-profit corporation" - and cannot be the basis for a criminal charge under Section 666 where the salary and benefits were earned. Ms. Robinson falls within the safe harbor created by Section 666(c), and the

above referenced counts should be dismissed or in the alternative these allegations be stricken from the respective counts.

## BACKGROUND

The Government has alleged that Katrina Robinson - the founder, CEO, instructor, and sole shareholder of THI - embezzled, stole money, and converted to her own use monies that were under the control of THI. Ms. Robinson is the sole owner/shareholder of THI from 2015 thru the present. Moreover, she is likewise the sole officer of THI with complete authority over its management. As head of THI, Ms. Robinson has been engaged in the training of medical professionals. Katrina Robinson received a salary and benefits from her work at the corporation both as a director and instructor. Ms. Robinson performed multiple jobs that went far beyond those performed by a CEO/owner. As the CEO of THI, Ms. Robinson trained hundreds of medical professionals, who graduated from her school and went on to find employment in the medical field. Most of the graduates were underprivileged and in need of skills to gain employment. Ms. Robinson worked long hours and paid herself a salary as well as bonuses based upon the profits of the corporation.

THI became profitable through its training and certification of hundreds of students. THI was first created as an LLC and later converted to a corporation under the laws of Tennessee. Throughout the existence of THI, Ms. Robinson singularly operated the affairs of THI and was likewise, the sole beneficiary of the company's profits. This includes profits earned by THI under the HRSA grants. However, Katrina Robinson's lawful receipt of her salary, bonuses, and profits, according to the Government, constitutes program fraud, in violation of 18 U.S.C. § 666 - notwithstanding that there is no allegation that Ms. Robinson failed to perform any of her employment responsibilities as CEO, instructor, and sole shareholder of THI. Nor are there any

allegations in the indictment or otherwise that Ms. Robinson made any misrepresentations in obtaining her compensation.

## LAW AND ARGUMENT

The Government alleges that Ms. Robinson paid herself compensation that was either not approved or was more than what was allowed under the HRSA grant including excess salary (undetermined dates), a lump sum performance payout in January 2018, and establishment of an individual retirement account in April 2018. (Indictment Counts 3 and Count 4.) Critically, however, the Government does not allege (1) that the "for-profit" corporation did not approve these salary and benefits, (2) that Ms. Robinson failed to perform any of her employment responsibilities that she was required to perform in exchange for her salary and benefits, or (3) that the salaries, benefits, and or profits were not earned. Instead, the Government's case is premised on the central, but untrue, notion that HRSA sets the salary, benefits, and profits paid to the sole owner of a for-profit corporation. This notion is not true and does not invalidate the fact that the salaries were "bona fide" under the definition of Section 666(c). Importantly, the Government cites to no cases in support of its inexplicable theory of criminal liability.

The Government's reliance of facts in Counts 3 and Count 4 fail to state an offense as the alleged conduct meets the statutory exemption for bona fide salary. The program fraud counts in the Indictment fail to state an offense, even if the salaries, benefits, and profits exceeded the limits imposed under the HRSA program, as the program fraud statute exempts such schemes from liability so long as the salary is "bona fide" and paid "in the usual course of business." Because the program fraud counts allege conduct that fits squarely within the bona fide salary exemption in

3

§ 666(c), the counts' reliance on this conduct does not state an offense and must be dismissed or stricken from the respective counts.

Courts routinely dismiss program fraud counts where the allegations fit within the statutory exemption in § 666(c) because the money or property at issue constitutes bona fide salary. *See, e.g.*, *United States v. Mills*, 140 F.3d 630, 634 (6th Cir. 1998) (affirming dismissal of § 666(a)(1)(B) counts in indictment where allegations met § 666(c)'s salary exemption because Congress "saw fit to exclude from the reach of the federal statute those individuals and those transactions that involved only the payment of bona fide salaries, wages, fees, and other compensation"); *United States v. Mann*, 172 F.3d 50 (6th Cir. 1999) (Table) (affirming dismissal of § 666(a)(1)(A) counts in indictment where allegations met § 666(c)'s salary exemption); *United States v. Harloff*, 815 F. Supp. 618, 620 (W.D.N.Y. 1993) (dismissing § 666(a)(1)(A) counts in indictment where allegations met § 666(c)'s salary exemption). Courts have further held that salary, benefits, and profits payments received by a defendant are bona fide if the defendant actually performs his or her job.

In *United States v. Mills*, the Sixth Circuit clarified at the outset that the exemption for "bona fide salaries, wages, fees, and other compensation" applies to salary payments that are "received by" a defendant. 140 F.3d at 633 (emphasis in original) (finding that salary received by the defendant "fall[s] within the scope of the subsection (c) exception"); *accord* Mann, 172 F.3d at 50. The court further held that "the value of the yearly salary of [a defendant], if bona fide, should not be considered in establishing the $5,000" element in the program fraud statute. *Mills*, 140 F.3d at 633 (emphasis removed). Turning to the question of whether the salary alleged in the indictment was bona fide, the court concluded that "the salaries to be paid to [defendants] for actual performance of necessary . . . duties" constituted bona fide salary. *Id.* In *Mills*, the government

4

sought to skirt this requirement by arguing that the "illegal nature of the employment procurement process" tainted the salaries and placed them outside the § 666(c) exemption, but the court disagreed. *Id.* The government failed to "allege that the jobs in question were unnecessary or that the individuals who obtained those employment positions did not responsibly fulfill the duties associated with their employment." *Id.* Absent such allegations, the court explained, "the government has no support for its claims that the salaries paid to the [defendants] were not properly earned 'in the usual course of business.'" *Id.* at 633–34. The court therefore affirmed the district court's dismissal of the program fraud counts in the indictment. *Id.* at 634.

Other courts have agreed with this well-reasoned approach. See *United States v. Blagojevich*, 794 F.3d 729, 736–37 (7th Cir. 2015) ("[Section] 666(c) provides that the section as a whole does not apply 'to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.' Compensation for a job by someone other than a ghost worker is a 'bona fide salary' . . . . [B]ona fide employment also applies no matter who gets the job."); *Mann*, 172 F.3d at 50 (upholding dismissal of indictment because, as alleged, the defendant's "performance of duties as a principal in contravention of state regulations is not a federal crime under" § 666 and reasoning that "[t]hough [the defendant] lacked appropriate credentials under state law, because he legitimately performed the functions of the necessary position of principal . . .[,] his wages were 'bona fide'"); see also *Harloff*, 815 F. Supp. at 619 (holding that wages were bona fide under § 666(c) as alleged in the indictment where defendants were charged with embezzlement by working fewer hours than they claimed because the "plain language [of § 666(c)] would prevent making a federal crime out of an employee's working fewer hours than he or she is supposed to work").

These cases foreclose the salary and benefits counts here, where the Indictment fails to allege any facts that Katrina Robinson's salary and benefits were not bona fide and paid in the usual course of business, or that she did not actually perform her employment and/or ownership obligations to earn her salary, benefits, and profits. *Mills*, 140 F.3d at 633; *Blagojevich*, 794 F.3d at 736–37; *Mann*, 172 F.3d at 50. The Indictment does not allege that Katrina Robinson's position was unnecessary and a sham, such as a fraudulently procured no-show or low-show job where she was a "ghost worker." *Blagojevich*, 794 F.3d at 736–37. Nor does it allege that Katrina Robinson stuffed her accounts with unearned money. To the contrary, the Indictment merely alleges that Katrina Robinson went above the benchmarks for compensation set by the HRSA grant. This fact is not sufficient to take the counts out of the protection of Section 666(c).

THI is a small for-profit corporation of which Katrina Robinson is the sole shareholder and CEO. Ms. Robinson as sole officer of THI determines the salary, benefits, and profits of its employees and herself. There is no allegation that the fees were not earned as the federal government received what it contracted for under the HRSA program. In this case, Ms. Robinson, with assistance from a professional advisor, paid out end of the year bonuses, profits, and other fees that had been rightfully earned. In 2019, the HRSA grant was taken over by Vanderbilt University who assuredly has employees earning more than the salary limits imposed under the HRSA grant. The HRSA grant no more controls the salaries paid by Vanderbilt University than it controls the salaries and profits paid by THI.

It is noteworthy that courts recognize the caution that needs to be placed on prosecutions under Section 666. The seventh circuit has recognized that "Sections 666 and 1346 have an open-ended quality that makes it possible for prosecutors to believe, and public employees to deny, that a crime has occurred, and for both sides to act in good faith with support in the case law." *United*

6

*States v. Thompson*, 484 F.3d 877, 884 (7th Cir. 2007). Such statutory "[h]aziness designed to avoid loopholes through which bad persons can wriggle can impose high costs on people the statute was not designed to catch," but courts "can curtail some effects of [that] statutory ambiguity." *Id.* In this case, the Government has disregarded the limits of the charged statutes and insinuated itself in the mere taking of salary, bonuses, and profits from a "for-profit corporation." The Government cites to no cases to support its theory of liability under Section 666.

## CONCLUSION

Accordingly, the Court should dismiss Count 3 and Count 4 or in the alternative strike from these respective Counts the Government's reliance on bone fide salaries, benefits, and bonuses to support its allegations of theft and/or embezzlement from an organization receiving federal funds in violation of § 666(a)(1)(A).

Respectfully submitted,

s/Lawrence J. Laurenzi
Lawrence J. Laurenzi (9529)
L. Mathew Jehl (038251)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Tel: (901) 524-5000
Fax: (901) 524-5024
llaurenzi@bpjlaw.com
mjehl@bpjlaw.com

*Attorneys for Katrina Robinson*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

s/Lawrence J. Laurenzi
Lawrence J. Laurenzi