```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

```
UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )
v.                             )     CR. NO. 20-20148-SHL
                               )
KATRINA ROBINSON,              )
                               )
     Defendant.                )
```
_____


Members of the Jury:


        It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished and after closing arguments, you will go to the jury room and begin your discussions -- what we call your deliberations.


        I will start by explaining your duties and the general rules that apply in every criminal case.


        Then I will explain some rules that you must use in evaluating particular testimony and evidence in this case.


        Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

(1.01–.06, 8.09–.10)
<u>General Principles</u>

First, as for your duties and the general rules that apply in every criminal case.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law

The indictment or formal charge against the defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require the defendant to prove her innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt as to the charges in the indictment, and, if it fails to do so, you must find the defendant not guilty as to that charge.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

In your deliberations, you may only consider the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that what the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty.  The law makes no distinction between direct and circumstantial evidence.

Also you should not assume from anything I may have said or done that I have an opinion concerning any of the issues before you in this case.  Except for my instructions to you, you should disregard anything I may have said in arriving at your own decision concerning the facts.

If you have taken notes, please remember that your notes are not evidence.  You should keep your notes to yourself.  They can only be used to help refresh your personal recollection of the evidence in the case.

If you cannot recall a particular piece of evidence, you should not be overly influenced by the fact that someone else on the jury appears to have a note regarding that evidence.  Remember, it is your recollection and the collective recollection of all of you upon which you should rely in deciding the facts in this case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone or smart phone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations when all jurors are present. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it's important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it's important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or

the Parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over again.

It is important that you decide this case based solely on the evidence presented in this courtroom.

(1.07, .08)

<u>Number of Witnesses and Credibility</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning a particular dispute is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning a fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth?  Did he or she have any particular reason not to tell the truth?  Did he or she have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did he or she appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

(1.09)
<u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides have a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard in court.

(7.01)

<u>Introduction</u>

That concludes my explanations of your duties and the general rules that apply in every criminal case.  Next I will explain some rules that you must use in considering some of the testimony and evidence in this case.

(2.01A)
Separate Consideration--Single Defendant
Charged with Multiple Crimes


The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.


Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Counts No Longer Under Consideration

At the beginning of the trial, I told you that the defendant was accused of 20 different crimes: four counts of stealing, embezzling, knowingly converting, obtaining by fraud and intentionally misapplying property from an organization that receives federal funds, and sixteen counts of wire fraud.  However, there are now counts which are no longer before you. Those include:

- Counts 1 - 4, which include all of the crimes involving stealing, embezzling, knowingly converting, obtaining by fraud, and intentionally misapplying property from an organization that receives federal funds.
- Counts 5-10, which were wire fraud counts.
- Counts 13-17, which were also wire fraud counts.

You are instructed that you should not guess about or concern yourselves with the reason for these counts no longer being before you.

You are also instructed that you are not to assume that the remaining counts are or are not meritorious.  The Government still has the burden of proof to prove the remaining counts beyond a reasonable doubt.  In deciding the remaining counts, you are hereby instructed not to consider any of the evidence concerning counts that are no longer before you.

I have stricken the testimony of the following witnesses, and I am instructing you not to consider their testimony:

- Cesar Herrera
- Michael Yarbrough
- Nancy Alea
- Frank Cannata
- Cynthia Sipp
- Antoine Beane
- Daniel Foster
- Diana Jones
- Lauren Stamps
- Steve Edwards
- Woodson Farmer
- Lance Black
- Jack Gardner
- Imran Ahmed Siddiqui

I have stricken the testimony of Victoria Howell with the exception of the portions that relate to the two expenditures contained in Counts 11 and 12, as well as her testimony on rebuttal.

I have stricken the following exhibits from the record, and I am instructing you not to consider them in reaching your decision in this case:

- Exhibit 21- Lowe's Records
- Exhibit 22- Grizzlies Records
- Exhibit 23- Paypal Records
- Exhibit 24- Paypal Records
- Exhibit 25- Makin It Happen Home Records
- Exhibit 26- American Airlines Records
- Exhibit 27- Photos (of Celebrity Body Studio)

- Exhibit 29- Methodist FCU Records
- Exhibit 32- Gossett Motors Records
- Exhibit 33- Lexus of Memphis Records
- Exhibit 34- Bill of Sale from Imports of Memphis
- Exhibit 35- Gardner & Group Records
- Exhibit 36- Tuscan Iron Entries Records
- Exhibit 39- ADT Records
- Exhibit 40- Ally Financial Records
- Exhibit 41- Amazon Records
- Exhibit 42- Pershing LLC Records
- Exhibit 43- Best Buy Records
- Exhibit 44- Bookit.com Records
- Exhibit 45- Carnival Cruise Lines Records
- Exhibit 46- Floor n Décor Records
- Exhibit 48- Great Lakes Student Loans Records
- Exhibit 49- Home Depot Records
- Exhibit 51- MLGW Records
- Exhibit 52- MMIC Records
- Exhibit 53- One Main Financial Records
- Exhibit 54- Shelby County Tax Sale Records
- Exhibit 55- Slim Spa Records
- Exhibit 56- Southern Snow Records
- Exhibit 57- Surplus Warehouse Records
- Exhibit 58- Tennessee Secretary of State Records
- Exhibit 59- TPC Southwind Records
- Exhibit 60- Uber Records
- Exhibit 61- BSHR, PLLC
- Exhibit 63- Summary of Personal Expenditures
- Exhibit 64- Chart- Paypal Summary
- Exhibit 65- Royston Photos

Redacted and Confidential Material

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document was taken out or blacked out.  Material may be redacted for any number of reasons, including that it is not relevant to the issues you must decide in this case, among other reasons. You are to concern yourself only with the part of the item that has been admitted into evidence. I instruct you that the omitted portion of the material was appropriately redacted, and you should not consider any possible reason for the redactions.

In addition, some of the evidence admitted into the record includes sensitive personal information, including the names and other identifying data of students at THI.  The confidentiality of this information should be preserved.  Therefore, I instruct you that you may consider all confidential material, including the student records admitted into evidence, for the purpose of your deliberations, but it may not be used for any other purpose.

18

7.02B
<u>Defendant's Testimony</u>

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

Law Enforcement Witnesses

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the city, county, state, or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

I suggested some things for you to consider in evaluating each witness's testimony.  You should consider those same things in evaluating a law enforcement witness's testimony.  It is your decision, after reviewing all the evidence, whether to accept the testimony of each law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

7.03
<u>Witness Testifying to Both Facts and Opinions</u>

You have heard the testimony of Victoria Howell, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Ms. Howell's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

7.12

<u>Summaries And Other Materials Not Admitted in Evidence</u>

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

7.12A

<u>Summaries And Other Materials Admitted in Evidence</u>

During the trial you have also seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

(2.01)
<u>Introduction</u>

That concludes my instructions on some rules that you must use in evaluating particular testimony and evidence in this case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted or convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

(1.03)
<u>Indictment, Not Guilty Plea</u>

I told you at the outset that this case was initiated through an indictment.  An indictment is but a formal method of accusing the defendant of a crime or crimes.  It includes the government's theory of the case, and we will be going over in a few minutes the substance of the indictment.  The indictment is not evidence of any kind against an accused.

The defendant has pleaded not guilty to the charges contained in the indictment.  This plea puts in issue each of the essential elements of the offenses as described in these instructions and imposes upon the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

2.12
<u>Use of the Word "And" in the Indictment</u>

Although the indictment charges that the statutes were violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

<u>Reading the Indictment</u>

I will read the redacted indictment to you so that you are well aware of the charges made in the redacted indictment that are before the jury.

The indictment reads:

[Read indictment.]

<u>The Indictment and the Statute</u>

**COUNTS 11, 12, 18, 19 and 20**

**18 U.S.C. § 1343**
**WIRE FRAUD**


(1)  Counts 11, 12, 18, 19, and 20 of the indictment charge the defendant with wire fraud.  For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:


(A)  First, that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property;


(B)  Second, that the scheme included a material misrepresentation or concealment of a material fact;


(C)  Third, that the defendant had the intent to defraud; and


(D)  Fourth, that the defendant used wire, radio or television communications or caused another to use wire, radio or television communications in interstate commerce in furtherance of the scheme.


27

(2)   Now I will give you more detailed instructions on some of these terms.

(A)   A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B)   The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C)   An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

(D)   A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E)   To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

(F)   To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G)   The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

(3)   It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme that the material transmitted by wire, radio or television communications was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud, that someone relied on the misrepresentation or false statement, or that the defendant obtained money or property for their own benefit.

(4)   If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If

you have a reasonable doubt about any one of the elements, then you
must find the defendant not guilty of this charge.

Fraud-Good Faith Defense (10.04)

(1)  The good faith of the defendant is a complete defense to the charges of wire fraud contained in Counts 11, 12, 18, 19 and 20 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2)  A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3)  A defendant does not act in good faith if, even though she honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4)  While the term good faith has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(5)   The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(6)   If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But, a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

2.04
<u>On or About</u>

Next, I want to say a word about the date mentioned in the indictment.

The indictment alleges that the crimes happened "on or about" the following dates: on June 3, 2016 as to Count 11, on June 21, 2016 as to Count 12, on July 30, 2017 as to Count 18, on August 8, 2018 as to Count 19, and on August 10, 2019 as to Count 20.  The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

2.06

<u>Knowingly</u>

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

<u>Summary</u>

     If you find that the government has proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out under these instructions, then you must return a verdict of guilty for that count.  If you find that the government has not proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of not guilty as to that count.

(8.01, .03-.06, .08)
<u>Deliberations and Verdicts</u>

That concludes the part of my instructions explaining the elements, or parts, of the crimes that the defendant is accused of committing.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

First, I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty of the crimes set out in the indictment.  The defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted, the matter of punishment is for the court to determine.

You are here to determine the guilt or innocence of the accused defendant from the evidence in this case.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.  You must determine whether or not the evidence in the case convinces you beyond a reasonable doubt of the guilt of the accused without regard to any belief you may have about the guilt or innocence of any other person or persons.

37

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.

When you go to the jury room you should first select one of your members to act as your presiding juror.  The presiding juror will preside over your deliberations and will speak for you here in court. Be sure to only discuss the case when everyone is present so everyone can be part of all of the deliberations.

A form of verdict has been prepared for your convenience.  The verdict form will be placed in a folder and handed to you by the Court Security Officer.  At any time that you are not deliberating (i.e., when at lunch or during a break in deliberations), the folder and verdict form should be delivered to the Court Security Officer who will deliver it to the courtroom Deputy Clerk for safekeeping.

[READ VERDICT FORM]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your presiding juror fill in the verdict form, date and sign it, and then return to the courtroom.

39

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Security Officer who will bring it to my attention.  I will then respond as promptly as possible after conferring with counsel, either in writing or by having you return to the courtroom so that I can address you.  Please understand that I may only answer questions about the law and I cannot answer questions about the evidence.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.  In other words, do not tell me what the vote is.

If you feel a need to see the exhibits which are not being sent to you for further examination, advise the Court Security Officer and I will take up your request at that time.

Any questions about the process?

We will now hear closing arguments by counsel.


[Closing arguments.]


You may now retire to begin your deliberations.  Remember to only discuss the case when everyone is present, and your first order of business is to choose a presiding juror.