IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | Crim. No. 2:20-cr-20148-SHL |
| | * | |
| KATRINA ROBINSON, | * | |
| Defendant. | * | |
| | * | |

**MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE
AND MEMORANDUM IN SUPORT**

COMES NOW the United States of America, by and through Joseph C. Murphy, Jr., Acting United States Attorney, and Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, and respectfully moves that this Honorable Court enter a preliminary order of forfeiture in the above-styled case. In support of this motion, the United States would show the following:

1.   A Second Superseding Indictment was returned in the above-styled case on August 17, 2021. (RE-107: Second Superseding Indictment). The 20-count indictment charged the defendant with four counts of violating 18 U.S.C. § 666 and 16 counts of wire fraud in violation of 18 U.S.C. § 1343. It also contained forfeiture allegations, which set forth the government's intent to forfeit certain property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.   A jury trial commenced on September 13, 2021 and ended on September 30, 2021 with a verdict of guilty as to the wire fraud charges in Counts 11, 12, 19, and 20. (RE-163: Jury

Verdict).

3.      Upon issuance of the preliminary order of forfeiture, the United States will provide written notice to all known third parties asserting a legal interest in the property set forth in the proposed Preliminary Order of Forfeiture, and will publish notice on www.forfeiture.gov of the Court's preliminary order and the government's intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. §853.

4.      In further support of this motion, the United States submits the following memorandum of law:

## MEMORANDUM IN SUPPORT OF MOTION
## FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

### I.      SUMMARY OF REFLIEF SOUGHT

Based on the jury's verdict and the proof at trial, the government seeks two separate categories of relief at criminal forfeiture in this case.[1]

First, it seeks a personal money judgment against the defendant in the amount of $61,084.06. This represents the aggregate of the proceeds realized as a result of the offenses of conviction.

Second, the government seeks substitute assets up to the amount of the money judgment, including specific property as discussed below.

---

[1] The government also reserves the right to present additional proof on the issue of forfeiture at sentencing.

## II.   CRIMINAL FORFEITURE PROCEDURE AND BURDEN OF PROOF

### A.  Criminal Forfeiture Procedure Generally

The forfeiture phase of a criminal case is governed by Fed. R. Crim. P. 32.2(b)(1), which provides that as soon as practicable after a verdict, "the court must determine which property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). If the government seeks forfeiture of specific property, the court must determine whether there is a sufficient nexus between the property and the offense. *Id.* "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." *Id.* "The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). *See also United States v. Capoccia*, 503 F.3d 103, 109 (2nd Cir. 2007) (quoting rule). If forfeiture is contested, the court must conduct a hearing at either party's request following a guilty verdict. *Id.*

Here, the government relies on the evidence from the trial record and the jury's verdict as proof in support of its request for criminal forfeiture. Criminal forfeiture is part of the defendant's sentence; and the government therefore requests that the amount of forfeiture be determined at sentencing along with the other sentencing issues and that the parties be permitted to present additional proof on this issue as needed.

### B.  Burden, Standard, and Admissibility of Proof.

Because criminal forfeiture is part of the defendant's sentence, the burden is on the government to establish the forfeitability of property by a preponderance of the evidence. *United States v. Smith,* 770 F.3d 628, 636 (7th Cir. 2014); *United States v. Bader*, 678 F.3d 858, 893-94

(10th Cir. 2012); *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998). This general rule is also true when the government seeks the criminal forfeiture of fraud proceeds under 18 U.S.C. § 981(a)(1)(C). *United States v. Kalish*, 626 F.3d 165, 168 (2nd Cir. 2010).

Because it is part of sentencing, the Federal Rules of Evidence are inapplicable to the court's consideration of forfeiture. *Smith,* 770 F.3d at 641. The court may therefore consider hearsay, as well as other information it deems reliable. *See United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) ("Sentencing judges are not bound by the stringent evidentiary standards applicable at trial; rather, the evidence need only be reliable"); *United States v. Elder*, 682 F.3d 1065, 1073 (8th Cir. 2012) (the district court could consider any information which it accepted as relevant and reliable; therefore, it property credited financial analyst's unimpeached hearsay declaration in determining amount of criminal proceeds); *United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008) ("as with other sentencing issues, reliable hearsay is admissible" to determine forfeiture; court therefore relied on agent's testimony about bank records).

A preliminary order of forfeiture is entered without regard to whether any third party may claim an interest in the affected property, an issue which is deferred until the ancillary proceeding as contemplated in Rule 32.2 and 21 U.S.C. §853(n). *See United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009) ("Rule 32.2 requires the issuance of a preliminary order of forfeiture when the proper nexus is shown, whether or not a third party claims an interest in the property"); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (when the court determines the forfeitability of the property pursuant to Rule 32.2, it does not – "and indeed may not" – determine

4

the rights of third parties in the property); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring third party issues to the ancillary proceeding, thus avoiding duplicative litigation); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed the jury that questions of ownership "were not before them" and therefore, their special verdict said nothing about ownership of forfeited property).

Once the government's burden is met, the requested forfeiture is mandatory. *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied . . ."); *United States v Smith*, 749 F.3d 465, 488 (6th Cir. 2014) ("Criminal forfeiture judgments are mandatory for mail fraud convictions"); *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) ("There can be no doubt that since § 982(a) and § 2461(c) state that the court 'shall' order criminal forfeiture, Congress intended that criminal forfeiture under those provisions be mandatory").

### III.   MONEY JUDGMENTS

First, the government requests a money judgment against the defendant. The entry of a personal money judgment as part of a defendant's criminal forfeiture sentence is expressly contemplated by rule, and authorized by the law of this circuit. Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay"); *Hampton,* 732 F.3d at 691-92. For criminal forfeitures under 18 U.S.C. § 981(a)(1)(C), money judgments are permitted, even though that section is a civil forfeiture statute in which they are not expressly authorized, because "28 U.S.C. § 2461(c) authorizes the government to seek forfeiture of specified property 'in accordance with the Federal

5

Rules of Criminal Procedure' and it is equally clear that the federal rules expressly contemplate the entry of money judgments in criminal forfeiture cases." *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008). *See also United States v. Capoccia,* 2010 WL 4942213, at *1 (2nd Cir. Dec. 7, 2010); *United States v. Diallo*, 2011 WL 135005, at *2 (S.D.N.Y. Jan. 13, 2011). Moreover, the court may order a money judgment in the amount of the total proceeds attributable to the defendant's offenses of conviction "even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing." *Hampton,* 732 F.3d at 692.

Accordingly, the United States asks that the court impose a money judgment against the defendants in the amount of $61,084.06. As set forth the in the Presentence Report, this is the amount of loss, and, by extension, the amount of criminal proceeds, realized as a result of the counts of conviction.

IV.     **FORFEITURE OF SUBSTITUTE ASSETS**

Finally, the government requests that the court order the forfeiture of substitute assets as set forth herein to satisfy the money judgment. *See United States v. Hill*, 46 F.Appx. 838, 839 (6th Cir. 2002) (additional shares of stock not involved in defendant's money laundering conviction properly forfeited as substitute assets to satisfy money judgment).

Fed. R. Crim. P. 32.2(e)(1)(B) provides that on the government's motion, "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." The applicable statute in this case is 21 U.S.C. § 853(p)[2], which provides that "the court shall order the

---

[2] This provision is made applicable to forfeitures under 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c).

forfeiture of any other property of the defendant, up to the value of any [forfeitable] property" whenever, "as a result of any act or omission of the defendant [the forfeitable property] (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. §§ 853(p)(1) and (p)(2). *See also United States v. Coffman*, 574 F.Appx. 541, 562 (6th Cir. 2014) ("Where because of the defendant's actions, the government is unable to locate tainted property subject to criminal forfeiture, it may obtain 'substitute property' to satisfy the amount the defendant must forfeit as part of his sentence. This provision permits the government to obtain 'any other property of the defendant.'") (Citations omitted). "Courts interpret this provision liberally so as to 'thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence.'" *United States v. Almoudi*, 452 F.3d 310, 316 (4th Cir. 2006) (quoting *United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003)).

"The Court may order the forfeiture of substitute assets in two ways – by including the substitute property in the preliminary order of forfeiture before it becomes final at the time of sentencing or by amending the order of forfeiture 'at any time' after sentencing to include substitute property pursuant to Fed. R. Crim.P. 32.2(e)." *United States v. Smith*, 2010 WL 4962917, *1 (E.D. Ky. Dec. 1, 2010).

The fact that a piece of property may ultimately belong to a third party is no defense to its inclusion as a substitute asset in a preliminary order of forfeiture because the defendant lacks standing to assert the third party's interest and "an ancillary proceeding is the sole avenue for a

7

third party to assert an interest in forfeitable property." *Coffman,* 574 F.Appx. at 563 (citing *United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012)).

As to the requirement that the directly forfeitable property is unavailable because of acts or omissions of the defendant, "[t]he [g]overnment generally has little difficulty in making the necessary showing." *United States v. Gordon*, 710 F.3d 1124, 1166 (10th Cir. 2013) (quoting Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 22-3, at 643). For example, in *Gordon*, the Court found that where the proceeds of the defendant's securities fraud scheme could not be located in his bank accounts, it was reasonable to infer "that the money was dissipated due to Mr. Gordon's conduct." *Id. See also*, *United States v. Loren-Maltese*, 2003 WL 292910, *1 (N.D. Ill. Feb. 10, 2003) (meeting § 853(p) due diligence prerequisite does not require the government to show an affirmative act of concealment; mere omission to disclose location of directly forfeitable property can be enough).

Moreover, the requirements of § 853(p)(1) are disjunctive; and, "[a]s a result, if the government shows that offense property has been placed beyond the jurisdiction of the court, under subparagraph (C), it need not demonstrate that the property cannot be located upon the exercise of due diligence under subparagraph (A) before it may resort to the forfeiture of substitute property." *United States v. Surgent*, 2009 WL 2525137, at *18 (E.D.N.Y. Aug. 17, 2009).

Once the government makes the requisite showing under § 853(p), the ordering of substitute assets is mandatory. *See* 21 U.S.C. § 853(p)(2) (providing that the court "shall order" the forfeiture of substitute property); *Almoudi,* 452 F.3d at 314 ("Section 853(p) is not discretionary . . . [W]hen the [g]overnment cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property").

8

Here, the proof at trial, together with supplemental proof at sentencing if necessary, will establish that the actual proceeds that were acquired as a result of the counts of conviction, which occurred in 2016, 2018, and 2019, have long been spent and are thus unavailable through conduct of the defendant.

Accordingly, the government seeks forfeiture of the following ("the subject property") as substitute assets up to the value of the money judgment:

1) One parcel of real property located at 4422 Boeingshire Drive, Memphis, Tennessee, with all appurtenances and improvements thereon;

2) All cash, mutual funds, stocks, bonds, securities, or other financial instruments on deposit or credited to Account Q6H-186404 at Waddell & Reed Financial Advisors (6300 Lamar Ave, Post Office Box 29217, Shawnee Mission KS), which clears through Pershing LLC, a wholly owned subsidiary of the Bank of New York Mellon Corp.

These properties are related to offenses charged in Counts 3, 7 and 8 and originally named in the forfeiture allegations of the indictment as being subject to forfeiture directly. However, because the defendant was ultimately acquitted of those counts at trial, the government seeks forfeiture of these items are substitute assets.

This is possible because § 853(p) authorizes the forfeiture of "*any* other property" of the defendant. 21 U.S.C. § 853(p). *See also United States v. Manlapaz*, 825 F.Appx. 109, 117 (4th Cir. 2020) ("'[A]ny other property' means exactly that – there are no limits on what property may be substituted for the proceeds"). There is thus no requirement that property forfeited as substitute assets be connected to the offenses giving rise to the forfeiture. *Id.; United States v. Knowles*, 819 F.Appx. 781, 784 (11th Cir. 2020) ("We've held that the word 'any' in § 853(p) is a broad word

that "does not mean some or all but a few, but instead means all,' and have affirmed the forfeiture order of substitute property that was not involved in or traceable to the defendant's crime.'") (quoting *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007)); *United States v. Saunders*, 789 F.Appx 358, 359 (3rd Cir. 2020) ("Saunders contends that the District Court did not establish a sufficient nexus between the forfeiture property and the proceeds from Saunders's criminal activity. However, such a nexus is not required when forfeiting substitute assets."); *United States v. Ayika*, 837 F.3d 460, 475 (5th Cir. 2016) (substitute assets provision of § 853(p) applies when the government cannot directly trace the forfeited property to offense of conviction).

Moreover, the lack of such a requirement is not unconstitutional. There is no constitutional nexus requirement for property forfeited as substitute assets; "[a] constitutional nexus requirement for *all* property subject to forfeiture would render the forfeiture of substitute assets, by definition, unconstitutional." *United States v. Smith*, 656 F.3d 821, 828 (8th Cir. 2011) (emphasis in original). "The statute [authorizing substitute assets] is rationally related to legitimate punitive, remedial, and corrective purposes, and it is therefore consistent with the Due Process Clause." *Id.*

Accordingly, property which the jury or court have expressly declined to forfeit directly can be forfeited as substitute assets. *See United States v. Henry*, 64 F.3d 664, 1995 WL 478635, at *4 (6th Cir. Aug. 10, 1995), *cert. denied*, 516 U.S. 1147 (1996) ("Finally, the jury verdict indicating that the Ewing Court residence should not be forfeited does not prevent the forfeiture of the property as a substitute asset . . . As the Government points out, the very nature of a substitute asset requires that it is not property which is directly forfeitable"); *United States v. Voigt*, 89 F.3d 1050, 1088 (3rd Cir. 1996) (holding that the district court had erred in finding certain property directly traceable to the offense, but remanding so that the court could amend the judgment to

10

forfeit the same property as substitute assets); *Ayika*, 837 F.3d at 476-76 (same, citing *Voigt*).

The government therefore requests that the subject property be ordered forfeited to the United States up to the value of the money judgment.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court enter a preliminary order of forfeiture as set forth herein.

                                                  Respectfully submitted,

                                                  JOSEPH C. MURPHY, JR.
                                                  Acting United States Attorney

By:    /s Christopher E. Cotten
        CHRISTOPHER E. COTTEN
        Assistant United States Attorney
        800 Federal Building
        Memphis, Tennessee 38103
        (901) 544-4231
        (#014277 Tennessee)

## CERTIFICATE OF CONSULTATION

The undersigned certifies that he has consulted with Mr. Lawrence J. Laurenzi, attorney for the defendant, by telephone on December 13, 2021, and was advised that the defendant opposes this motion. The parties are thus unable to reach an accord as to all issues addressed herein.

/s Christopher E. Cotten
CHRISTOPHER E. COTTEN
United States Attorney

## CERTIFICATE OF SERVICE

I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, do hereby certify that a copy of the foregoing motion has been sent, via the Court's electronic filing system, to the attorneys for the defendant.

This 14th day of December, 2021.

/s Christopher E. Cotten
CHRISTOPHER E. COTTEN
United States Attorney