IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CR-20148-SHL-tmp |
| ) | |
| KATRINA ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## RENEWED MOTION FOR RETURN OF PROPERTY

Comes now Katrina Robinson by and through her counsel, Burch, Porter & Johnson, PLLC, and respectfully moves this Court for an Order pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure directing that the United States return to Ms. Robinson items seized by the government pursuant to a federal pretrial seizure warrant. Ms. Robinson's property has been in possession of the United States since on or about February 20, 2020. The seizure warrant was based on a factual theory that the seized items were "tainted assets" subject to criminal forfeiture. Since the completion of the trial, the facts no longer support the government's allegations that supported seizure, as the proof has shown that the specified assets were not connected to any criminal activity. Moreover, the value of the assets held by the government far exceeds any potential recovery by the United States. Accordingly, the assets, more fully described below, should be returned forthwith to Katrina Robinson as there is no legal or factual justification supporting the possession or the forfeiture of the assets by the United States. Counsel for Ms. Robinson has conferred with counsel for the government, and the government is refusing to release the property.

## FACTS

On or about February 20, 2020, the United States, pursuant to a pretrial seizure warrant, seized numerous assets belonging to Katrina Robinson. These assets included a parcel of real property and a retirement account in the name of Katrina Robinson. Ms. Robinson was subsequently indicted by the United States and charged with forty-eight counts. The charges consisted of four counts of 18 U.S.C. § 666 and the remaining counts charged wire fraud in violation of 18 U.S.C. § 1343. The indictment included a notice of criminal forfeiture. The criminal forfeiture notice stated that the forfeiture was based upon charges under 18 U.S.C. § 666 and 18 U.S.C. § 1343. The criminal forfeiture notice requested a money judgment in the amount of six hundred thousand dollars. The notice specifically listed the following items to be seized:

> 2 (b) One parcel of real property located at 4422 Boeingshire Drive, Memphis, Tennessee, with all appurtenances and improvements thereon.
>
> 2 (d) All cash, mutual funds, stock, bonds, securities, and/or financial instruments deposit or credited to account Q6H-186404 at Waddell & Reed Financial Advisors (6300 Lamar Avenue, P. O. Box 2917, Shawnee Mission, KS), which clears through Pershing LLC, a wholly owned subsidiary of the Bank of New York Mellon Corp.

*See Second Superseding Indictment*, ECF 108, at 18. In addition to seizing the property referenced above, the United States seized from her home and businesses numerous personal items, including clothing, petty cash, cosmetics, and electronics. These items were piled into a truck and carried away. These items either remain in the custody of the United States or are encumbered by court filings.

At trial, the United States was unable to prove the charges of misuse of funds derived from a federal program under 18 U.S.C. § 666 and was likewise unable to prove most of the wire fraud counts under 18 U.S.C. § 1343. Ms. Robinson was convicted on two counts of wire fraud involving

2

purchases totaling $3,484.06. Ms. Robinson was acquitted on all other counts including the counts supporting the seizure of the property at Boeingshire and her pension account. Count three and count seven served as the basis for seizing the Boeingshire property, and counts three and count eight supported the pretrial seizure of her individual investment account at Pershing LLC. *See Second Superseding Indictment*, ECF 108, at 11-12, 15.

## **MEMORANDUM**

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that "[a]s soon as practical, after the verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Rule 32.2(b)(1)(A) provides that to forfeit property to the United States, the Government must establish a nexus between the count of conviction and the property sought to be forfeited. The court's determination may be based on evidence already in the record. Rule 32.2 (b)(1)(B).

Criminal forfeiture is part of the defendant's sentence, and it is well accepted that a criminal conviction is required for the government to move for an order of criminal forfeiture. Generally, criminal forfeiture is limited to the property involved in the particular counts on which the defendant is convicted. The government must establish by a preponderance of the evidence the requisite connection between the crime of conviction and the asset to be forfeited.

In this case, the government's charges have largely failed. The government started this case with forty-eight counts and notice of a criminal forfeiture of six hundred thousand dollars. In the end, the government was only able to prove two wire fraud counts. Moreover, based upon the government's argument in closing, Ms. Robinson's actions were an "attempt" to commit wire fraud. This theory of "attempted" criminal liability prevents the government from seeking any

3

forfeiture recovery. At trial - it was the government's position that the crimes were never completed. Without being completed, there can be no loss under the crimes of conviction to support a criminal forfeiture.

Regardless, any loss attributed to the two counts of conviction is no greater than three thousand and four hundred and eighty-four dollars and six cents. Any forfeiture at sentencing is limited to this loss amount. However, the government has in its possession property belonging to Ms. Robinson that far exceeds the limits on what it can recover. This property includes her retirement account valued at more than seventy thousand dollars and an investment property valued at more than fifty thousand dollars.

It is undisputed that the seized assets are not connected to the counts of conviction. The proof decisively showed that Ms. Robinson legally purchased the seized assets with profits from THI. Ms. Robinson made these expenditures with the advice and counsel of her comptroller. The purchases were fully disclosed in subsequent audits. Without the required nexus between the count of conviction and the property, the property should be returned to Ms. Robinson.

While it is true that the government may seek to recover against substitute asset, it does not justify the continued seizure of property belonging to Ms. Robinson that far exceeds the sum recoverable by the Government. In *United States v. Bajakajian,* 524 U.S. 321 (1998), the Supreme Court outlined a standard of "gross disproportionality." This is particularly true in this case where the government is holding non-tainted assets. Any recovery is limited by the counts of conviction and its arguments before the jury. It is unfair and a violation of due process for the government to knowingly to continue to hold property that it knows that it cannot legally forfeit. At this point, the government's actions are punitive and serve no governmental interest beyond further castigating Ms. Robinson for acts she did not commit.

The government cannot sidestep its damages to Ms. Robinson by suggesting that its lien is not a seizure. The government has moved against her real property by filing liens that have encumbered her ability to either use the property or to sell the property. The Boeingshire property requires upkeep and continues to incur expenses. This is akin to the government's seizure of the jeep renegade that incurred substantial costs that resulted in a loss to Ms. Robinson. This is occurring at a time when Ms. Robinson has little to no financial resources.

Finally, at this point in the proceeding, any argument that Ms. Robinson's retirement account, her investment property and personal items need to be retained by the government as evidence is non-sensical. The case was tried for more than three weeks and at no time did the government attempt to introduce any of the items requesting to be returned. The case has been tried and the government has failed to prove the essential elements of most of the charged offenses. This includes the counts that supported the initial seizure. The case is over, and no argument can be made in good faith justifying the continued hold on the property as evidence.

Ms. Robinson like any other citizen wants the return of her property that was taken by the federal government. Instead of pursuing a just conclusion, the government continues to overreach in its actions against Ms. Robinson. There simply is no argument, factual or legal, that supports the government's continued possession of untainted property. This coupled with the fact that any potential recovery is considerably less than what has been seized for almost two years. With the lack of the statutorily-required connection and the gross disproportionality of the property held, the Court should direct the government to immediately return Ms. Robinson's property.

## CONCLUSION

Ms. Robinson's property has been unfairly, and without legal justification, taken by the Government. Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person

aggrieved by the deprivation of property may move for the property's return. The Court should take every step to protect citizens from unlawful governmental retention of property. Ms. Robinson has been prejudiced by these seizures including continued expenses, damage to her assets, and diminution of value. For the reasons stated above, Ms. Robinson respectfully requests that her seized property be returned forthwith to her, the rightful owner. Ms. Robinson further requests that numerous individual items taken from her house and businesses be physically returned to a location of her designation.

Respectfully submitted,

s/Lawrence J. Laurenzi
Lawrence J. Laurenzi (9529)
L. Mathew Jehl (038251)
BURCH, PORTER & JOHNSON PLLC
180 North Court Avenue
Memphis, TN 38103
Tel: (901) 524-5000
Fax: (901) 524-5024
llaurenzi@bpjlaw.com
mjehl@bpjlaw.com

s/Janika N. White

JANIKA N. WHITE (28355)
THE WALTER BAILEY LAW FIRM
22 North Front Street, Suite 1060
Memphis, Tennessee 38103
(901) 575-8702
Fax: (901) 575-8705
jwhite@walterbaileylaw.com

*Attorneys for Katrina Robinson*

## CERTIFICATE OF CONSULTATION

I hereby certify that, Counsel for Ms. Robinson consulted with the Government via telephone on January 20, 2021, on this Motion and the requested relief, and the Government does not consent to the Motion.

s/Lawrence J. Laurenzi<br>
Lawrence J. Laurenzi

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 20, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

                   s/Lawrence J. Laurenzi
                   Lawrence J. Laurenzi