IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                            No. 2:20-CR-20148-SHL-tmp

KATRINA ROBINSON
    Defendant.

**DEFENDANT'S MOTION FOR STATUS CONFERENCE**

Katrina Robinson, by and through her counsel, respectfully submits this Motion for Status Conference to discuss sentencing in this matter. In support of this Motion, Ms. Robinson would show the following to the Court:

1. On December 1, 2021, Ms. Robinson received the initial Presentence Investigation Report (PSR), ECF 188. In the initial PSR, the Government presented an entirely new theory of victims and loss amount, which had neither been charged in the Second Superseding Indictment nor argued at trial, based on Counts 19 and 20.

2. In the initial PSR, the Government argued, through the probation office, that Ms. Robinson defrauded 64 students and incurred an additional loss amount of $57,600.00. PSR, ECF 188, at ¶¶ 17, 19, & 27.

3. On December 22, 2021, Ms. Robinson objected to this new theory and told the Court that she intended to call all 64 of the newly-alleged victims at sentencing. Defendant's Position with Respect to Sentencing Factors, ECF 201.

4. On January 6, 2022, the Court granted Judgment of Acquittal on Counts 19 and 20. Order, ECF 206.

1

5. On January 12, 2022, the Court held a status conference, wherein the Court ordered the probation office to amend the PSR to reflect that Ms. Robinson had now been acquitted of two additional counts. Minute Entry, ECF 209. Although Ms. Robinson's counsel does not have a transcript of this proceeding, he believes that the Court noted that the sentencing would now be simpler with Ms. Robinson having been acquitted of two additional counts

6. Ms. Robinson believed that this would end the dispute over the newly-alleged victims and newly-alleged loss amount, so she stopped making plans to subpoena and call all 64 newly-alleged victims at sentencing.

7. On January 26, 2022, despite the fact that the Court had now acquitted Ms. Robinson on two additional counts, Ms. Robinson and her counsel were shocked to receive an updated PSR, ECF 212, which includes almost everything from the initial PSR and which actually recommends a higher sentence.

8. It appears that the only things removed from the PSR were the references to Ms. Robinson being convicted of Counts 19 and 20. *Compare* Initial PSR, ECF 188, *with* Revised PSR, ECF 212.

9. Notably, the Revised PSR still includes: "It appears **Robinson** is responsible for a loss amount of $61,084.06 ($3,484.06 as to Counts 11 and 12, and **$57,600.00 as to counts 19 and 20**). Revised PSR, ECF 212, at ¶ 20 (emphasis added).

10. The Revised PSR sill includes facts and argument that Ms. Robinson defrauded 64 students, yet the Government continues to refuse to produce the names of these newly-alleged victims to the probation office or to Ms. Robinson. *Id.* at ¶ 22.

11. Whether the acquitted conduct in this case should be considered by this Honorable Court at sentencing is both a legal issue and a factual issue. *See United States v. Pinnick*, 47 F.3d 434 (D.C. Cir 1995) ("[A] sentencing court commits 'obvious error' by relying on the presentence report if its findings are 'internally contradictory, wildly implausible, or in direct conflict with evidence that the sentencing court heard at trial.'" (quoting *United States v. Saro*, 24 F.3d 283, 291 (D.C. Cir. 1994)). In this case, the acquitted conduct falls well outside the parameters of the United States Sentencing Guidelines and should be excluded. This is, in part, a legal issue that needs to be decided prior to sentencing. To force Ms. Robinson to prepare for what is tantamount to new charges "unrelated" to the counts of conviction results in substantial prejudice, and alarmingly, these acquitted counts would increase her proposed period of incarceration by approximately three hundred percent, a violation of her basic due process rights.

12. Before investing her very limited resources, *see* Renewed Motion for Return of Property, ECF 211, Ms. Robinson would like some guidance regarding these issues and the scope of sentencing.

13. Specifically, Ms. Robinson needs guidance on whether she needs to file a motion to compel against the Government regarding its new allegations about the victims and loss amount related to Counts 19 and 20.

14. She also needs guidance as to whether she will need, once again, to prove her innocence related to these new allegations. If she does need to defend against these new allegations related to now-acquitted counts, this will obviously increase her proof at sentencing, and she may need to seek a continuance.

15. Ms. Robinson would like to avoid a continuance and hopes that the Court can address some of these issues prior to sentencing so that Ms. Robinson is not left guessing as to what she needs to defend against.

16. Ms. Robinson consulted with the Government, and the Government does not have any objection to the Court holding a status conference in this matter.

                          Respectfully submitted:

                          s/L. Mathew Jehl
                          Lawrence J. Laurenzi (TN #9529)
                          L. Mathew Jehl (TN #38251)
                          Burch, Porter & Johnson, PLLC
                          130 North Court Avenue
                          Memphis, TN 38103
                          Tel: (901) 524-5000
                          Fax: (901) 524-5024
                          Email: llaurenzi@bpjlaw.com
                          Email: mjehl@bpjlaw.com

                          *Attorneys for Defendant Katrina Robinson*

## CERTIFICATE OF CONSULTATION

      I hereby certify that, Counsel for Ms. Robinson consulted with the Government via email on January 28, 2022, on this Motion and the requested relief, and the Government does not oppose a status conference.

                          s/L. Mathew Jehl
                          L. Mathew Jehl

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 31, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

                                                  s/L. Mathew Jehl
                                                  L. Mathew Jehl